472

MILLS, Judge.

After carefully re-reading the record in this case and considering the briefs filed on rehearing, we, by a somewhat different route, again are impelled to the conclusion that the judgment of the lower court rejecting plaintiff's demand is correct.

Plaintiff sold gasoline to defendant under a sound system calling for a signed receipt for every gallon delivered. They chose to flagrantly deviate from this method, sometimes having their own deliverymen sign the receipts and at others affixing defendant's name in their office after purported delivery.

The account is questioned by defendant, in apparent good faith, based upon a physical gauge of his tank showing a large shortage in the sales claimed. Under these circumstances plaintiff is called upon to prove its account with exactness and precision. If, because of the justness of the defense or its own slipshod methods, it cannot do this, recovery must be denied. Counsel for plaintiff insists that his client should be given judgment because of defendant's promise to pay. We do not find that defendant ever abandoned his protest. The promise was conditional upon the size of the payments required and was apparently made in an effort to avoid litigation, defendant never before having been sued or involved in any dispute with other oil concerns. We think this is true despite the terms of a letter of July 16, 1931.

For the above reasons our former judgment is reinstated and made the final judgment of this court.

MOUTON, Judge.

After her marriage to Mr. W. Rigley Edwards, Jr., plaintiff instituted this suit against defendant company on an insurance policy issued in favor of Mr. Rigley, prior to their marriage, and on the same cause of action alleged in her suit against Mr. W. Rigley Edwards, Jr.

This suit was also dismissed on an exception of no cause or right of action.

In this case, the defendant insurance company is urging the same defenses made by Mr. W. Rigley Edwards, Jr., in the suit against him by Carmen F. Palmer.

The defendant insurance company had, under the last paragraph of Act No. 55, 1930, p. 122, the right to plead the same defenses as were urged by Mr. W. Rigley Edwards, Jr., in the suit filed herein by plaintiff against him.

For the reasons stated by us, plaintiff had no right of action against the insured, Mr. W. Rigley Edwards, Jr., and likewise has no such right against the insurance company, defendant herein.

Her suit was correctly dismissed.

Judgment affirmed.

## Carmen F. Palmer EDWARDS v. ROYAL INDEMNITY COMPANY.
### No. 1374.

Court of Appeal of Louisiana. First Circuit.
June 30, 1934.

Burns & Pierson, of Ponchatoula, for appellant.

Rownd & Warner, of Hammond, for appellee.

## POSEY v. LIST & WEATHERLY CONST. CO. et al.*
### No. 4833.

Court of Appeal of Louisiana. Second Circuit.
June 29, 1934.

