## PALMER v. EDWARDS.
### No. 1373.

Court of Appeal of Louisiana. First Circuit.
June 30, 1934.

Burns & Pierson, of Ponchatoula, for appellant.

Rownd & Warner, of Hammond, for appellee.

MOUTON, Judge.

Plaintiff, alleging that she was injured in an automobile accident, sues defendant in damages, on the ground that she was his guest at the time and that the accident was due to his fault and negligence.

This accident, she avers, occurred on June 6, 1933. At that time plaintiff was Miss Carmen F. Palmer, and was then engaged to be married to defendant.

She brought this suit on the 10th of June, 1933, four days after the alleged accident and on that date service of citation was made on defendant in the sheriff's office.

Plaintiff and defendant were married on June 11, 1933, the day following the service of citation.

The suit was dismissed on an exception of no cause or right of action, filed by defendant. Plaintiff appeals.

Code of Practice, art. 105, reads as follows:

"A married woman can not sue her husband as long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her property separate from him by her marriage contract, or for divorce."

The contention of plaintiff is, that the right of action accrued before marriage; that it is therefore paraphernal property for which she is suing. If the right so accrued be paraphernal property, plaintiff's demand would be brought within the exception in C. P. art. 105, where it is said the wife may for the "enjoyment of her paraphernal property" sue her husband during the marriage.

The word "enjoyment" used in that article, it will be noted, is preceded by the words, "for the restitution" which refer to her paraphernal property.

Obviously, the enjoyment of the paraphernal property would be dependent upon its restitution. If plaintiff recovered judgment on this suit and realized from her husband the amount sued for, this, by no means, could be construed as a restitution of the wife's paraphernal property.

What constitutes paraphernal property is defined, as follows, by C. C. art. 2383:

"All property which is not declared to be brought in marriage by the wife, or to be given to her in consideration of the marriage or to belong to her at the time of the marriage, is paraphernal."

Evidently, a suit of this character brought for tort against her husband, though the right of action accrued prior to the marriage, cannot be characterized as separate or paraphernal property within the meaning of that article of the Code.

C. C. art. 2391 gives a wife, even during marriage, a right of action against her husband "for the restitution of her paraphernal effects and their fruits." This is in harmony with C. P. art. 105, above referred to, where under the exception therein made, the wife

is permitted during the existence of the marriage to sue for the restitution of her paraphernal property.

This remedy given by articles 2391, C. C., and 105, C. P., has reference to property belonging to the wife before marriage, as defined by article 2383, C. C. They have reference also to property which may have been given to the wife separately since her marriage or to that which she has inherited. Property of that character, or such as belonged to her before marriage, is paraphernal, and during marriage the wife may sue her husband for its restitution, under articles 2391, C. C., and 105, C. P.

In this case, if the wife realized the amount sued for from her husband, it could certainly not be said that it was "for the restitution and enjoyment of her paraphernal property," so as to bring her case within the exception mentioned in article 105, C. P.

Counsel for plaintiff says that in the case of Viguerie v. Viguerie, 133 La. 406, 63 So. 89, 90, the court held that during marriage the wife may sue "for the restitution and enjoyment of her paraphernal property."

There, the court held, she has this right of action for the "restitution" of her paraphernal property. Plaintiff's husband has certainly not received anything from his wife from her alleged cause of action which he could restitute or restore. If the husband was made to satisfy her demand, it would be an original payment by him and there could be no restoration or restitution of any paraphernal effects, if her claim can be classified as such.

In the case of Viguerie v. Viguerie, 133 La. 406, 63 So. 89, in referring to article 2446, C. C., the court said that the causes for which the wife might sue her husband are not merely illustrative but are exclusive. "Unless," says the court, "the action of the wife falls clearly within one of the exceptions mentioned therein, her suit will not be maintained."

The same ruling, we think, should apply under the provisions of article 105, C. P.; and, unless the wife's action comes within the limitations of that article, it cannot be maintained.

Counsel refers to Acts No. 33 of 1921 (Ex. Sess.); No. 132 of 1926; and No. 283 of 1928.

These acts were intended for the liberation and emancipation of women from the incapacities to which they were then subjected. There is nothing in their provisions to indicate that after their enactment women would have the right, during the existence of marriage, to sue their husbands, except for the causes stated in article 105, C. P. There is nothing in these statutes pointing to any change in the law which prohibits contracts between spouses, "except in those instances for which the law has made provision," as was said in the case of Viguerie v. Viguerie, above cited.

To permit wives to sue their husbands during marriage or to make contracts with them, except where specially provided for, would be destructive of the marriage status.

The legislative purpose, as indicated in the provisions of those statutes, is not in that direction.

Plaintiff has no right of action in this suit, which was correctly dismissed.

Judgment affirmed.