## PALMER v. EDWARDS.
### Nos. 1373, 1374.

Court of Appeal of Louisiana, First Circuit.
Oct. 3, 1934.

For former opinion, see 155 So. 483.

Burns & Pierson, of Ponchatoula, for appellant.

Rownd & Warner, of Hammond, for appellee.

MOUTON, Judge.

Plaintiff, while riding as a guest with defendant in an automobile, suffered damages in an accident, which she alleges was due to his fault and negligence.

Her suit was dismissed on an exception of no cause or right of action.

The judgment was affirmed by this court, 155 So. 483; hence, this application for a rehearing.

Plaintiff and defendant were engaged to be married when the accident occurred. The day following the service of citation on defendant in this suit, they were married.

Plaintiff contends that her claim is paraphernal and that she has the right to sue defendant under the provisions of article 105, C. P.

Article 2383, C. C., reads, as follows:

"All property which is not declared to be brought in marriage by the wife, or to be given to her in consideration of the marriage or to belong to her, at the time of the marriage, is paraphernal."

We said in our original opinion that a claim by the wife for damages resulting from an accident which occurred prior to her marriage with defendant could not be classified as paraphernal property within the meaning and intendment of that article of the Civil Code. We also referred in the opinion to other articles of the Civil Code which recognize as paraphernal, property given to the wife separately since her marriage, or to that which she has inherited. We fail to see how the claim in question could be characterized as paraphernal property so received by the wife after her marriage.

Counsel for applicant say in their brief that the right in this case accrued before marriage and the right was therefore brought into the marriage by the wife, which clearly makes the plaintiff's claim her separate paraphernal property.

Conceding, for the sake of argument, that the claim of the wife was paraphernal property, let us see if, according to the provisions of article 105, C. P., under which this suit is brought, plaintiff could sue her husband for recovery during the existence of the marriage.

Article 105, C. P., says: "A married woman can not sue her husband as long as the marriage continues, except * * *"; and among the exceptions mentioned in the article is this one, where she sues her husband "for the restitution and enjoyment of her paraphernal property."

In this case, if the wife were to recover money or property, it would have to be paid by her husband directly to her, and it could not possibly be said that he had ever received that money or property from his wife or any one else, and was making a restitution to his wife.

In addition to plaintiff's contention, hereinabove stated, reference is made to the amendment to article 2402 of the Civil Code by Act No. 68, p. 95, of 1902, relative to community property and which provides, as follows:

"But damages resulting from personal injuries to the wife shall not form part of this

community, but shall always be and remain the separate property of the wife and recoverable by herself, alone."

Evidently, this amendment has reference to damages suffered by the wife during the existence of the marriage, and is not intended to include damages antedating the marriage. We think that this amendment was intended to give the wife the right to claim recovery alone for damages as against third persons and not as against her husband arising from a tort committed by him or which might result from any other cause.

Let us say, however, that damages incurred by the husband towards his wife arising from a tort or other cause during marriage become her separate and paraphernal property; the question is, even so admitting, can the wife sue her husband for recovery of such damages, "as long as the marriage continues," under article 105, C. P.?

In such a case, the payment of the amount recovered by the wife would have to be made directly by the husband to his wife, and it could not possibly be said that in satisfying the judgment obtained by the wife, the husband was making a "restitution" of any money or property he had received for his wife through her or any one else. Even if such damages are to be considered as the separate paraphernal property of the wife, it is impossible to hold that there had been a "restitution" of restoration thereof by the husband. Such being the legal situation, the wife could not maintain her suit against her husband for damages arising during marriage on account of his fault or negligence, under article 105, C. P., which gives her right to sue him as long as the marriage continues, but only for the "restitution" of paraphernal property received by him for her at the time of the marriage or thereafter during marriage, as provided for by the articles of the Civil Code above cited.

In our original opinion, we referred to article 2391, C. C., which also gives a right of action to the wife against her husband during marriage, but this action must be, as expressed, "for the 'restitution' of her paraphernal effects and their fruits." As we said in the opinion, the provisions of this article of C. C. are in harmony with C. P. art. 105.

In considering this question, we must not lose sight of the ruling of the court in the case of Viguerie v. Viguerie, 133 La. 406, 63 So. 89, where it was said that the causes for which the wife might sue her husband during marriage are not merely illustrative but are exclusive. As said in that case:

"Unless the action of the wife falls clearly within one of the exceptions mentioned therein, her suit will not be maintained."

If the views for plaintiff were accepted, they would be destructive of the marriage status or rather what is left of it.

We find that plaintiff herein has failed to bring herself within the exception provided for in article 105, C. P., or within any provision of law of which we are aware; hence, finding no reason to grant the rehearing applied for, it is hereby denied and refused for the reasons given in our original opinion, and herein amplified.