This is a suit brought by a wife against the insurance company which carried a policy of public liability insurance on her husband's automobile in which she was riding with him on August 6, 1939, on which day she sustained very severe injuries arising out of an accident which, she alleges, occurred entirely through his own carelessness and negligence in operating the car. The insurance carrier is the sole defendant and is sued under the provisions of Act No. 55 of 1930. This act is the one which gives to an injured person, at his option, a right of direct action against the insurance company within the terms and limits of the policy carried by its assured.
In her petition the plaintiff alleges that on the date mentioned, at about five o'clock in the afternoon, she and her husband were riding in the automobile in an easterly direction on the Covington-Slidell highway, and on reaching a point about six miles east of the town of Covington, while going at about forty-five miles an hour, her husband *Page 54 
suddenly, and without warning to her, cut the car sharply to his right, causing it to run off the pavement and down an incline on the south side of the road, and then cut it sharply back to his left which caused it to turn over. That the car immediately burst into flames and she was injured in the manner as she later fully sets out.
She avers that she has no information as to why her husband cut the car suddenly to his right and back to his left as he did, causing it to turn over, but that ordinarily the accident would not have happened if, he, having full control over it, had used proper care, and therefore under the doctrine of res ipsa loquitur the burden rested on him to show his lack of negligence; otherwise she claims she is entitled to recover judgment.
She then sets out her injuries in detail for which she claims she suffered damages in the total sum of $75,000, but as the insurance company is only liable under its policy to the extent of $10,000, she prays for judgment in that amount only.
The defendant first filed an exception of no right or cause of action, also one of vagueness. These exceptions were strenuously argued in the lower court and after submission were overruled. The defendant then filed its answer admitting that it had insured the plaintiff's husband under a policy as alleged in her petition, to the extent of $10,000, but it denied any liability thereunder. It avers that suits of this character brought by a wife against her husband's insurer on the theory of his negligence are contrary to sound public policy and are prohibited by law.
Defendant then goes on to aver that on the day of the accident, according to the information it had, plaintiff and her husband were on a pleasure trip from Baton Rouge to Biloxi, the expenses of which, including the operation of the automobile, were being paid out of community funds and therefore the trip was a joint venture of the husband and wife. It admits that the husband was driving on a straight road, at a speed of about forty-five miles an hour, which was reasonable, when a truck suddenly and without warning, and driving at a fast rate of speed in the direction opposite to that in which plaintiff's husband was going, behind a number of cars, swerved to its wrong side of the road when it was about one hundred and twenty-five feet in front of the car plaintiff was in, thus forcing her husband to swing to his right and drive on to the shoulder of the road in order to avoid a head-on collision. It is averred that the shoulder at that point is made up of sand and gravel, was ridged and rough and sunk some four or five inches below the level of the concrete slab. That the scene presented a situation of emergency which confronted plaintiff's husband, and, believing that if he kept on the shoulder, his car would turn over, he endeavored to drive back on the paved slab and in doing so the car then turned over and caught fire. All of the remaining allegations of the plaintiff's petition are denied.
On the issues as thus made up on the pleadings, the case went to trial on its merits, and there was judgment in favor of the plaintiff in the sum of $8,500. The defendant has taken this suspensive appeal.
Defendant does not seem to urge its exception of vagueness any longer but it does seriously maintain that its exception of no right or cause of action is good and should be sustained. The exception is based on the proposition that as the policy of insurance restricts the defendant's liability to that which is imposed upon the assured by law only, and under the law, as the assured in this case is not liable to the plaintiff as there can be no liability in law in favor of the wife for the torts of her husband, then the Act of 1930 which gives her a right of direct action against it within the terms and limits of the policy only, cannot be successfully invoked.
That is the same point, we find, which was raised by the defendant insurance company in the case of Harvey v. New Amsterdam Casualty Co., La.App., 6 So.2d 774. As in that case also, counsel for the defendant here endeavored to distinguish it from that of Edwards v. Royal Indemnity Co., 182 La. 171,161 So. 191. The opinion in the Harvey case goes into a thorough discussion of all the points that were raised and unless we disagreed with the court in that case, there would be no good purpose in our going over them again. Either the ruling in that case was right or it was wrong. As strictly a legal proposition was involved, application was made to the Supreme Court for writs of review but these were denied, which of course means that the Supreme Court concurred in the result that was reached by the decision even though it may not have agreed with the reasons that were advanced. We think *Page 55 
however that the reasons are sound and we agree with them. Whilst it is true that Act No. 55 of 1930 gives a direct right of action to an injured party within the terms and limits of the policy of insurance governing the owner of the automobile, it is equally true that there is a cause of action against both the assured and the insurance company. The difference is that there is no right of action by the wife against a husband who may be the assured, and there is an express right of action against the insurance company by virtue of Act No. 55 of 1930. Since the defense which the husband has to the action that may be brought against him is strictly personal, a defense which the insurance company cannot invoke (Rome v. London Lancashire Indemnity Co. of America, La.App., 169 So. 132, 134), we must hold that the suit against the insurance company is well founded in this respect regardless of any collusion between the husband and the wife, the possibility of which is so strongly stressed by counsel for the defendant.
We are of the opinion that the question raised under the exception by counsel for the defendant is one which is now rather firmly decided against his contention by the jurisprudence of this State and we see no reason why that jurisprudence should be disturbed.
We are not impressed with the contention of the plaintiff, made in the alternative, to the effect that this is a case in which the doctrine of res ipsa loquitur can be invoked. We believe that she has set out sufficient facts on which, if the proof is sufficient, the negligence of her husband can be made to appear and therefore the case should be decided on the question of such negligence vel non.
Counsel for defendant has presented a very strong and appealing argument on the question of the policy of suits of this kind, from both a legal and a moral point of view. It can hardly be denied that they do open the door to testimony, which to say the least, is susceptible to the influence of the relationship which exists between the parties involved in the accident in which one of them is injured. In the ultimate analysis however the question resolves itself into one of the appraisal of the testimony as a whole. In this case there is a little more difficulty than usual for the reason that outside of the plaintiff and her husband, there were no eye-witnesses to the accident, and the case has to be decided on the proof of what happened just at that moment as the defense which is relied on is the one of sudden emergency.
There is some confusion which arises from the testimony of both plaintiff and her husband about there being more than one vehicle coming from the direction opposite to that in which they were traveling and about one of them trying to pass ahead of another. If there was a car attempting to do that naturally it was going to block Mr. Scarborough's path on his right hand side of the road, and, going at forty-five miles an hour, as he was, it may well be that he became faced with a situation of peril and emergency and had to do something on the spur of the moment to avoid an accident. But as we understand their testimony, even conceding that there was more than one vehicle approaching them, the only one that left its side of the road at all never swerved more than two feet across the center stripe in the pavement. At that time, the Scarborough car was anywhere from one hundred and twenty-five feet to half a city block away, at which distance, had Mr. Scarborough had his car under proper control and been driving carefully, he should have been able to use his side of the road including the shoulder, to better advantage then he did in meeting this situation. Instead, without much reflection, as it seems to us, he pulled over to his right on the shoulder of the road and when he felt the car careening as it was going down the bank, he jerked it back to his left in an effort to drive back to the highway and that is when it turned over. Under the facts recited, which no doubt were those found by the district judge, the doctrine of sudden emergency cannot be applied and we see no manifest error in the judgment holding the defendant liable in damages to the plaintiff for the negligence of her husband, its assured under the policy sued on.
Mrs. Scarborough was no doubt seriously and painfully injured as the result of the accident. She sustained severe burns on her neck and on both legs around the thighs. She was hospitalized for several months in Baton Rouge and afterwards had to go to the Touro Infirmary in New Orleans for further skin grafting and treatment. For a long time after, she was confined to an invalid chair in her home. Gradually she started to get about with the use of a cane which, however, the doctors doubt is any longer necessary. She *Page 56 
also claims to be extremely nervous. The district judge awarded her $8500 and we are asked by answer to the appeal to increase the amount to $10,000. She has had a rather good recovery considering the nature and extent of her injuries. In as much as the total amount of the damages sought by her are for pain and suffering and disfigurement, we are inclined to believe that the amount awarded by the trial judge is a bit high and have decided to reduce it by $1000.
For the reasons stated, it is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by reducing the amount of the award from the sum of $8500 to the sum of $7500 and that as thus amended, it be affirmed. All costs of this appeal to be paid by the plaintiff, appellee herein.