64 So.2d 484 (1953)
ADDISON et al.
v.
EMPLOYERS MUT. LIABILITY INS. CO. OF WISCONSIN.
No. 3636.
Court of Appeal of Louisiana, First Circuit.
March 19, 1953.
Rehearing Denied May 4, 1953.
*485 Richard H. Kilbourne, Clinton, for appellant.
Bienvenu & Culver, New Orleans, for appellee.
ELLIS, Judge.
This is a damage suit originally instituted by Cleo B. Addison to recover damages for personal injuries to the latter sustained as the result of an accident while riding in an automobile driven by the husband, Charles Addison. The wife's cause of action is based solely upon the negligence of her husband and her suit is brought against the defendant as the liability insurer of her husband.
The husband's suit is a demand for medical expenses incurred by him for the treatment of his wife and which counsel for the husband readily admits he cannot recover, and therefore it is not necessary that this feature be considered.
To the original petition the defendant filed a number of exceptions and while they were pending Mrs. Addison died and her children who were all majors were made parties plaintiff in place of the deceased, to which exception was properly taken, and subsequently the husband filed a motion to be made plaintiff in place of Mrs. Addison on the ground that the right of action of his wife accrued to him, to which the defendant insurance company filed exceptions of no right and no cause of action which were sustained by the District Judge.
Plaintiff has appealed from that judgment.
The plaintiff's entire argument is based upon the theory that the husband in this case never had the quality of a debtor, and under the express provisions of the Code of Practice Article 105 his wife could not have sued him for the debt and never at any time had any right or cause of action against him, and in support of this plaintiff cites Palmer v. Edwards, La.App., 155 So. 483, rehearing denied La.App., 156 So. 781.
The fallacy of plaintiff's argument is clearly shown by a decision of the Orleans Court of Appeal in the case of Mock v. Maryland Casualty Company, La.App. 6 So.2d 199, 201, when it stated:
"Even if the Act of 1930 created any substantive rights in plaintiffs, the contract of insurance contained no provision which by any stretch of the imagination could be construed as rendering the insurer liable in any case in which the insured would not himself have been liable. * * *
"The legal situation is not the same as that presented in Rome v. London & Lancashire Indemnity Company of America, La.App., 169 So. 132, nor is it the same as that found in Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191, and Palmer v. Edwards, La. App., 155 So. 483, rehearing denied La.App., 156 So. 781. Nor is it the same as was found in Ruiz v. Clancy, 182 La. 935, 162 So. 734, for in each of those cases it was held that the only reason for which there might be recovery from the insurer, though not from the insured, was that the insured enjoyed an immunity which was personal and of which immunity the insurer could not take advantage. But in each of those cases the insurer was held liable because the court found that the insured too would have been liable but for the immunity. Here there would have been no liability in Weiland because the law gave no rights under the circumstances, and since the law gave no rights against Weiland, the Act of 1930 gave none either. As we have said, that statute created no substantive rights. See Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., Inc., 18 La.App. 725, 138 So. 183; Gager v. Teche Transfer Co., Inc., La.App., 143 So. 62; Tuck v. Harmon, La.App., 151 So. 803; Robbins v. Short, La.App., 165 So. 512, and Graham v. American Employers' Ins. Co., La.App., 171 So. 471.

*486 "In Tuck v. Harmon, La.App., 151 So. 803, 805, the court said: `The right granted under Act No. 55 of 1930 was procedural and not substantive.' Citing Gager v. Teche Transfer Co., La. App., 143 So. 62.
"In Graham v. American Employers' Ins. Co., La.App., 171 So. 471, 476, the court, referring to the Act of 1930, said: `The act in question does not furnish substantive rights. Its benefits are procedural in nature', and in that case the court also said: `* * * the statute merely gives a right of action against the insurer when the claimant has a cause of action against the insured.'
"In Hudson v. Georgia Casualty Co., 57 F.2d 757, 759, Judge Dawkins of the Federal District Court for the Western District of Louisiana, in commenting on the decision of this court in Rossville Commercial Alcohol Corp. v. Dennis Sheen Transfer Co., Inc., supra, said: `I agree with the Court of Appeal for the parish of Orleans (which is the court of last resort in actions involving personal injuries in this state, subject to review by the Supreme Court) that the Act No. 55 of 1930, permitting the party injured to sue the insurer of the one responsible therefor in a direct action, is merely remedial and does not affect any substantial right under the contract of insurance.'
"In Robbins v. Short, La.App., 165 So. 512, 514, the court in referring to the statute said: `This act is purely remedial and does not affect any substantial rights under the contract of insurance.'"
There is no question of a doubt but that the husband, Addison, was the original debtor, and unless there was a cause of action against Addison there could have been none against the insurer. In addition, the policy of insurance issued to the husband, Charles Addison, carried the following provision:
"To pay on behalf of the insured all sums of which the insured shall become legally obligated to pay as damages because of bodily injury sickness or disease, including death at any time resulting therefrom sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."
We are in entire accord with the argument set forth by counsel for the defendant insurance company in his brief, and think it is decisive of the issues involved and we quote therefrom:
"It would do violence to reason to say that plaintiff may either individually for his medical expenses or as the survivor of his wife, bring a suit against himself or against his own insurer to recover because of his own negligence. The insurer is only obligated to `pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages.'`to pay' not to himself but to some other party.
"LSA-Civil Code Article 2217 provides: `When the qualities of a debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation.'
"Clearly, plaintiff is both debtor and creditor. When his wife died and he succeeded to her rights against himself, the obligation was extinguished by confusion.
"Article 2218 provides: `The confusion that takes place in the person of the principal debtor, avails his sureties * * *'
"The defendant insurance company is the surety of Addison and under the foregoing article, the confusion that took place upon the death of Mrs. Addison, releases the company from all liability because of her injuries.
"When the Supreme Court decided the case of Edwards v. Royal Indemnity Company, 182 La. 171, 161 So. 191, it referred to the Civil Code Articles having to do with suretyship and particularly Articles 2098, 3036 and 3060. In that case, the Supreme Court held that though a wife could not sue her husband because of the injuries sustained by her resulting from his negligent operation of the automobile, she could sue his insurer. The court referring to the *487 articles on suretyship, said that the surety could not avail itself of the personal defense of the husband, in order to defeat the wife's claim for damages. Referring again to that same law of suretyship, we find that under Article 2218 the confusion releases the surety.

* * * * * *
"The insurer therefore, is merely called upon to pay an obligation of the assured. It has no independent liability. The assured is the real debtor. When the assured becomes not only the debtor but the creditor as well, no matter by what process he becomes that creditor, then there arises a confusion of right which extinguishes the obligation under Articles 2217 of the L.S.A.-Civil Code.
"There is a vast difference between a right of action and a cause of action. That difference has been recognized by the Louisiana Courts, particularly when discussing this very subject. The decisions are that a wife has a cause of action against her husband, but she does not have the right to enforce her cause of action. In Ruiz v. Clancy, supra, the Supreme Court said:
"`The decision in Edwards v. Royal Indemnity Company merely recognizes a distinction between a case where there is no cause of action against the insured, and hence no cause of action against the insurer. In a case where there is no right of action against the insured because of a relative incapacity of the injured party to sue the insured, or relative immunity of the insured against being sued by the injured party, in which case, according to Edwards v. Royal Indemnity Company, the injured party may have a right of action against the insurance company alone, under the Act of 1930.'
"In Burke v. Massachusetts Bonding & Insurance Company, La.App., 19 So.2d 647, the Court said:
"`In Louisiana, the jurisprudence is now well established that the wife has a cause of action for a tort committed by her husband, but she is deprived of the right to sue her husband. By virtue of Act 55 of 1930, she can bring the suit against her husband's insurer, and the insurer is not permitted to plead coverture.'
"It is clear, therefore, that Mrs. Addison, if her husband was negligent, did have a cause of action against him, but she could not enforce her action against him and therefore, did not have a right of action against him. She could, however, enforce her cause of action against her husband by bringing a suit against his insurer and recovering from it, any amount which her husband was obligated to pay to her, but for the defense of coverture which the insurer could not invoke. As the court said in the Ruiz case, the insurer is obligated to pay by reason of the liability imposed upon him by law.
"The husband is now the plaintiff in the case. If the insurer has the `obligation to pay only such sums as the insured (Mr. Addison) shall become obligated to pay by reason of the liability imposed upon him by law,' there certainly cannot be any liability in this case on the part of the insurer to Mr. Addison. Clearly, Mr. Addison is not obligated to pay to himself any sum whatsoever. He cannot sue himself.
"Mr. Addison cannot say that he is in fact not Mr. Addison suing himself, but on the contrary, is Mr. Addison the heir of his wife suing Mr. Addison, her former husband. True, he succeeds to her claim and stands in her shoes but her claim has become merged with him, both as a plaintiff and as a nominal defendant. He is in the same position as any other creditor and debtor referred to in Article 2217 of the LSA-Civil Code. The obligation was extinguished by confusion when plaintiff's wife died and he succeeded to her rights."
The judgment of the District Court is affirmed.