71 So.2d 670 (1954)
GREMILLION
v.
CAFFEY.
No. 3805.
Court of Appeal of Louisiana, First Circuit.
March 22, 1954.
Rehearing Denied April 26, 1954.
*671 Ben E. Atkins, Baton Rouge, for appellant.
Harrison G. Bagwell, Baton Rouge, for appellee.
ELLIS, Judge.
Plaintiff is seeking damages as the result of an alleged assault and battery committed upon her by the defendant, her former husband, on August 22, 1952. Plaintiff and defendant were judicially separated by a judgment rendered on the 13 of June, 1951, and divorced by a judgment rendered on February 10, 1953. The present suit was filed on February 21, 1953.
Answer in the nature of a general denial was first filed, then on June 4, the date the case was first heard upon the merits, an exception of no right or cause of action was levelled at plaintiff's petition because of the following:
"That at the time of the alleged assault complained of by the plaintiff, plaintiff and defendant were still husband and wife, though a Judicial Separation had been decreed on June 13, 1951, and that a final judgment of divorce was not entered herein until the 10th day of February, 1953."
A ruling on these exceptions was deferred and all evidence introduced on the merits. Judgment was rendered sustaining the exception of no right and no cause of action and plaintiff's suit was dismissed. From this judgment plaintiff has appealed.
The question to be decided is whether or not a woman who has obtained a final judgment of divorce can sue her husband for a tort committed on her person during the legal separation but prior to absolute divorce.
Counsel for defendant argues, and the District Court so reasoned, that the judgment of separation did not dissolve the marriage and the parties were husband and wife on the date of the alleged assault. LSA-C.C. art. 136. This article states:
Methods"The bond of matrimony is dissolved,
"1. By the death of the husband or wife;
"2. By a divorce legally obtained;
"3. Whenever the marriage is declared null and void, for one of the causes mentioned in the fourth chapter of this title; or when another marriage is contracted, on account of absence, when authorized by law.
"Separation from bed and board does not dissolve the bond of matrimony, since the separated husband and wife are not at liberty to marry again; but it puts an end to their conjugal cohabitation, and to the common concerns, which existed between them."
*672 It was further contended and reasoned that the wife could not sue her husband as long as the marriage continued except for the causes enumerated in Article 105 of the Code of Practice which are exclusive. This article reads:
"Married womanRight to sue husband.A married woman can not sue her husband as long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her property separate from him by her marriage contract, or for divorce; but in no case can she sue her husband without the authorization of the court before which she brings her action."
The Lower Court in citing and relying upon Palmer v. Edwards, La.App., 156 So. 781, stated.
"In the cited case the cause of action arose and suit thereon was filed prior to the marriage. As I understand the holding in that case it is that the cause of action ceased to exist when the marriage was contracted." He then reasoned that in the instant case the alleged assault occurred during the marriage and for that reason no cause of action in favor of the wife came into existence.
He next considered the question: "* * Whether the dissolution of the marriage brought into existence a cause of action in favor of the wife." The latter question was answered in the negative on the basis of jurisprudence in other states and that as enumerated in 27 Am.Jur., Husband and Wife, Sec. 594, pp. 196, 197:
"Where husband and wife are not liable to each other for torts committed by one against the other during coverture, they do not, upon being divorced, become liable to each other for torts committed prior to the divorce, by one spouse on the person or character of the other during coverture. * * * The divorce cannot in itself create a cause of action in favor of the wife upon which she may sue, where it was not a cause of action before the divorce."
The annotation in 6 A.L.R., 1047 is to the same effect, citing a number of cases.
There can be no doubt that during the legal separation the marriage is not dissolved and the wife would be barred from suing her husband for a tort. She would have no right of action. However, the ruling in the case of Palmer v. Edwards, La.App., 155 So. 483, and on rehearing in 156 So. 781, and the case of Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191, is to the effect that Miss Palmer had a cause of action but when she married Edwards she lost her right of action. A married woman has a cause of action for a tort arising during the marriage against her husband but no right of action.
In Ruiz v. Clancy, 182 La. 935, 162 So. 734, 738, our Supreme Court through the late Chief Justice O'Niell, in discussing the case of Palmer v. Edwards, supra, had the following to say:
"The ruling in the Vitale Case [Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 59 A.L.R. 148] was referred to with approval in the opinion rendered in the case of Edwards v. Royal Indemnity Co. [182 La. 171], 161 So. 191. In the latter case, Miss Carmen F. Palmer, before she was married to Edwards, suffered bodily injuries in an automobile accident, caused by the negligence of Edwards, who was driving the automobile. Miss Palmer sued Edwards for damages, and thereafter married him. On an exception to the capacity of the wife to proceed with her suit against her husband for damages for a tort, the suit was dismissed. Mrs. Edwards appealed, and, while the appeal was pending, she sued the insurance company, under the provisions *673 of Act No. 55 of 1930. That suit also was dismissed on an exception of no cause or right of action; and Mrs. Edwards again appealed. The court of appeal affirmed the judgment in both cases. See Palmer v. Edwards (La.App.) 155 So. 483, and, on rehearing (La.App.) 156 So. 781; and Edwards v. Royal Indemnity Co. (La.App.) 155 So. 472. On the application of Mrs. Edwards for a writ of review, this court approved the judgment dismissing the suit against Edwards, and refused to issue the writ, but granted the writ in the case against the Royal Indemnity Company, and reversed the judgment. The purport of the decision was that the abatement of Miss Palmer's right of action against Edwards, by effect of her marrying him, was a matter which did not concern the insurance company, because the abatement of the action against Edwards had nothing to do with the merits of the claim of Miss Palmer, or Mrs. Edwards, against either Edwards or the insurance company. The incapacity of the woman to prosecute the suit against Edwards was only a relative incapacity on her part, or relative immunity on his part, and did not affect the rights of the insurance company any more than it would have affected the rights of the insurance company if Miss Palmer had merely refused to sue Edwards, and had not married him. * * * The decision in Edwards v. Royal Indemnity Co. merely recognizes a distinction between a case where there is no cause of action against the insured, and hence no cause of action against the insurer, and a case where there is no right of action against the insured because of a relative incapacity of the injured party to sue the insured, or relative immunity of the insured against being sued by the injured party, in which case, according to Edwards v. Royal Indemnity Co., the injured party may have a right of action against the insurance company alone, under the act of 1930. * * *"
In the Ruiz case, supra, the Supreme Court held that the children could sue the administrator of the estate of their deceased father for a tort committed against their mother in which she was killed, because the marriage had been terminated or dissolved by her death, and that the incapacity created by Article 104 of the Code of Practice was a relative incapacity and when the barrier was removed there was nothing to prevent them from suing.
This case was upheld in Burke v. Massachusetts Bonding & Ins. Co., La.App., 19 So.2d 647, 651, which was affirmed by the Supreme Court in 209 La. 495, 24 So.2d 875 as follows:
"In Louisiana, the jurisprudence is now well settled that the wife has a cause of action for a tort committed by her husband, but she is deprived of the right to sue her husband. By virtue of Act 55 of 1930, she can bring the suit against her husband's insurer, and the insurer is not permitted to plead coverture. This plea has been held to be a personal plea or defense in favor of the husband. * * *"
Addison v. Employers Mut. Liability Ins. Co. of Wis., La.App., 64 So.2d 484, 485, was a damage suit originally instituted by Cleo B. Addison to recover damages for personal injuries to the latter sustained as the result of an accident while riding in an automobile driven by the husband, Charles Addison. The wife's cause of action was based solely upon the negligence of her husband and her suit was brought against the defendant as the liability insurer of her husband. In discussing the question involved this Court stated:
"The plaintiff's entire argument is based upon the theory that the husband in this case never had the quality of a debtor, and under the express provisions of the Code of Practice Article 105 his wife could not have sued him for the debt and never at any time had any right or cause of action against him, and in support of this plaintiff cites Palmer v. Edwards, La.App., 155 *674 So. 483, rehearing denied La.App., 156 So. 781.
"The fallacy of plaintiff's argument is clearly shown by a decision of the Orleans Court of Appeal in the case of Mock v. Maryland Casualty Co., La. App., 6 So.2d 199, 201, when it stated:
"`Even if the Act of 1930 created any substantive rights in plaintiffs, the contract of insurance contained no provision which by any stretch of the imagination could be construed as rendering the insurer liable in any case in which the insured would not himself have been liable. * * *
"`The legal situation is not the same as that presented in Rome v. London & Lancashire Indemnity Co. of America, La.App., 169 So. 132, nor is it the same as that found in Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191, and Palmer v. Edwards, La. App., 155 So. 483, rehearing denied La. App., 156 So. 781. Nor is it the same as was found in Ruiz v. Clancy, 182 La. 935, 162 So. 734, for in each of those cases it was held that the only reason for which there might be recovery from the insurer, though not from the insured, was that the insured enjoyed an immunity which was personal and of which immunity the insurer could not take advantage. But in each of those cases the insurer was held liable because the court found that the insured too would have been liable but for the immunity. * * *

* * * * * *
"`It is clear, therefore, that Mrs. Addison, if her husband was negligent, did have a cause of action against him, but she could not enforce her action against him and therefore, did not have a right of action against him. She could, however, enforce her cause of action against her husband by bringing a suit against his insurer and recovering from it, any amount which her husband was obligated to pay to her, but for the defense of coverture which the insurer could not invoke. As the court said in the Ruiz case, the insurer is obligated to pay by reason of the liability imposed upon him by law.'"
Also see cases cited thereon.
Therefore, plaintiff herein, under Article 2315, LSA-C.C. had a cause of action against her husband for the assault and battery committed during the marriage but no right of action.
It might be well, before proceeding to the next question involved in this case, to briefly comment upon the authority cited and relied upon in American Jurisprudence, supra, by the District Court. It appears that the basis of the holding in the cited authority was to the effect that the divorce could not in itself create a cause of action in favor of the wife where there was none before the divorce. This is not the situation with which we are confronted, for under our law a cause of action was created and granted under Article 2315 of the LSA-Civil Code and existed upon the commission of the assault and battery. It appears in the cited authority that there was no cause of action prior to the divorce, which is not true in the case at bar.
The next question which we must dispose of is whether this right revived or came into existence upon the date of the dissolution of the marriage by divorce. Under the jurisprudence cited the capacity created by Article 105 of the Code of Practice was only relative, that is, not absolute.
Article 159, LSA-C.C., provides:
"Effects of divorce.The effects of a divorce shall not only be the same as are determined in the case of a separation from bed and board, but it shall also dissolve forever the bonds of matrimony, between the parties, and place them in the same situation with respect to each other as if no marriage had ever been contracted between them."
*675 Under the express terms of the above cited article the judgment of absolute divorce between plaintiff and defendant rendered on February 10, 1953 removed the relative incapacity of the plaintiff to sue the defendant for the tort he committed on August 22, 1952 or, stated in another way, ended the abatement of her right of action which had existed during the continuation of the marriage, although she enjoyed a cause of action under Article 2315, LSA-C.C. By the judgment of divorce, plaintiff and defendant were placed "in the same situation with respect to each other as if no marriage had ever been contracted between them."
For the above reasons, the judgment of the District Court is hereby reversed and the exception of no cause and no right of action is hereby overruled and the case remanded to the District Court to be proceeded with in accordance with law.