164 So.2d 647 (1964)
Alma SMITH, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Third-Party Plaintiff-Appellant (Dovic FONTENOT, Third-Party Defendant-Appellee).
No. 1156.
Court of Appeal of Louisiana, Third Circuit.
May 28, 1964.
Dissenting Opinion May 29, 1964.
Rehearing Denied June 17, 1964.
Fruge & Foret, by J. Burton Foret, Ville Platte, for defendant-appellant.
Daniel J. McGee, Mamou, for plaintiff appellee.
Before TATE, SAVOY, and HOOD, JJ.
*648 TATE, Judge.
This appeal presents us with a question never previously considered by any reported decision of a Louisiana court: Does a husband's intraspousal immunity from suit by his wife for her personal injuries caused by his negligence, prevent a tortfeasor from seeking contribution from the husband for the payment of damages to the wife caused jointly by negligence of the tortfeasor and the husband?
In the present case, the plaintiff is the wife of Dovic Fontenot. She was injured while riding as a passenger in an automobile driven by her husband, when a collision occurred between it and a vehicle driven by Regile Bordelon. The plaintiff wife sues Bordelon's liability insurer to recover for her personal injuries.
The defendant herein impleads the plaintiff's husband as third-party defendant, seeking to enforce contribution from him as a joint tortfeasor (by virtue of the 1960 amendment of LSA-Civil Code Article 2103), in the event that it is cast. The trial court sustained an exception of no cause of action to this third-party demand.
In a companion suit by the husband, which was consolidated for trial and appeal with the present, the trial court held that the fault of both Fontenot and Bordelon contributed to the accident, a ruling which we have affirmed this date. Fontenot v. Southern Farm Bureau Cas. Ins. Co., 164 So.2d 653. In the present suit by the wife, the trial court awarded the plaintiff wife judgment against Bordelon's insurer, since she was a passenger in Fontenot's car without fault, a ruling which we affirm herein for the reasons set forth in the cited companion suit. The general damages awarded to the wife for her personal injuries are justified by the record and are not questioned.
The sole remaining question of this appeal, then, concerns the defendant's appeal from the dismissal of its third-party demand against the plaintiff's husband to enforce contribution from him.
Primarily, the husband claims that the third-party plaintiff is not entitled to enforce contribution from him for his wife's damages, by virtue of a statutory immunity created by LSA-R.S. 9:291 (formerly Article 105 of the Code of Practice of 1870), and the underlying public policy represented by it. This statute provides, with certain very limited exceptions not here applicable, that "As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband * * *.'
Such intra-familial immunity from suit, as well as the parent's immunity from suit by the child (created by statute, LSA-R.S. 9:571, replacing Article 104 of the Code of Practice of 1870), and also the husband's immunity from suit by the wife except in limited instances (recognized by the Louisiana courts, in the absence of statute, as a matter of public policy: Kramer v. Freeman, 198 La. 244, 3 So.2d 609; Carter v. Third Dist. Homestead Ass'n., 195 La. 555, 197 So. 230; Smith v. Reddick, 42 La.Ann. 1055, 8 So. 539; Hawthorne v. Clark, 39 La.Ann. 678, 2 So. 561; Reich v. Reich, La. App. Orl., 23 So.2d 566), is essentially imposed "for the protection of family control and harmony" and to avoid disturbance by such suits of "the family relations", Ruiz v. Clancy, 182 La. 935, 162 So. 734, 737, and to prevent suits which will "disturb the tranquility of the home", Kramer v. Freeman, cited above, at 3 So.2d 616.
Able counsel for the appellant argues, however, that the statute in question prevents suit by the wife only against the husband, and that it does not by its terms forbid suits by third parties against the husband. Appellant suggests that it has been conferred a right by the 1960 legislation to enforce contribution from joint tortfeasors, and that it should not, in the absence of statutory qualification of this right, be denied such contribution from the present joint tortfeasor simply because the latter is the plaintiff's husband.
The trial court's dismissal of the claim for contribution from the husband was *649 based upon the statutory and public policy of this state affording intraspousal immunity from suit for the other spouse's personal injuries, in order to preserve the marriage against disharmony and discord. The trial court stated that it could "visualize that, to permit a third-party to sue the husband of a wife for half of the wife's judgment, could result in the breakup of a marriage." The trial court felt that it would violate Louisiana's public policy and our state's prohibition against intraspousal litigation, to allow the third-party plaintiff to do indirectly what is forbidden to be done directly by lawthat is, to hold the husband liable for payment for the wife's personal injuries.
The trial court's holding is in accord with the general rule applied in other states which grant joint tortfeasors the right to contribution from one another, and which likewise have an intraspousal or intra-familial immunity from suit in tort by the injured spouse or other family member. In the Annotation, "Right of tortfeasor to contribution where judgment creditor is spouse, parent, child, etc., of other tortfeasor against whom contribution is sought", 19 A.L.R.2d 1003, the holdings in these other states are summarized as follows:
"The courts have recognized and applied with practical unanimity the rule that to entitle a tortfeasor to contribution from another tortfeasor whose negligence has concurred in producing an injury to a third person, such third person must have an enforceable cause of action not only against the tortfeasor seeking contribution but also against the one against whom contribution is sought." The annotation further notes that contribution is denied where the injured plaintiff has no enforceable right of action against the negligent family member from whom contribution by the joint tortfeasor sued, "since the element of common liability of both tortfeasors to the injured person, essential to the right of contribution, is lacking in such cases." (Italics ours.)
The annotation and its 1960, 1962, and 1964 supplements show that thirteen jurisdictions do not permit contribution from the husband for damages recovered by the wife, either on the grounds of lack of common liability between the husband and the joint tortfeasor seeking contribution, or else on the public policy interest in preserving domestic peace and the familynamely, Delaware, District of Columbia, Hawaii, Maryland, Minnesota, Missouri, New Jersey, New Mexico, New York, North Carolina, Tennessee, Virginia, and Wisconsin. Only two jurisdictions, Maine and Pennsylvania, are shown to hold to the contrary, on the ground that the paternalistic apprehension of domestic discord between the spouses was not felt to be so compelling as to require a joint tortfeasor to forego contribution from a jointly negligent spouse.
The encyclopedias state the general rule as follows: 18 C.J.S. Contribution, § 3, p. 6: "* * * even though concurrent negligence exists, if the injured party cannot as a matter of law recover from one tortfeasor, there exists no common liability entitling the other to contribution from him." At 13 Am.Jur. "Contribution", Section 52, p. 49: "If, as a matter of law, the concurring negligence of the party from whom contribution is sought gives the injured party no cause of action against him, the claimant cannot recover contribution, even though such concurring negligence was a proximate cause of the injury."
The third-party demand is a fairly recent innovation in Louisiana. It is authorized by LSA-C.C.P. Article 1111, by which a defendant may implead as third party defendant any person "who is or may be liable to him for all or part of" the principal demand.
This Louisiana statute is based upon Rule 14(a) of the Federal Rules of Civil Procedure, which contains wording identical to that just quoted. In construing the right under the federal rules of a defendant to implead as third-party defendant a husband in order to enforce contribution from him *650 under the present circumstances, "a majority of decisions hold that since the spouse cannot be sued directly, he or she is not liable, and thus, since the common liability necessary for contribution is lacking, impleader is not proper." 1A Barron & Holtzoff, Federal Practice and Procedure (1960 rev. ed.), Section 426.4, p. 695.
The Louisiana legislature has only fairly recently authorized contribution between joint tortfeasors, as well as a third-party practice patterned on the Federal Rules. In the great majority of jurisdictions which adopted these remedies previous to Louisiana's recent innovations in such regard, the right of contribution has been held to be non-existent where the husband is immune from suit by the wife directly and is therefore not jointly liable with the other tortfeasor. When these jurisdictions with longer experience with these remedies have interpreted them as thus stated, we are unwilling to say that the Louisiana legislature intended by these recent enactments to destroy Louisiana's traditional and statutory intraspousal immunity from suit for the tort damages of one spouse caused by the fault of the other.
Appellant relies, however, upon Gray v. Hartford Accident & Indemnity Co., W.D. La., 31 F.Supp. 299 (1940), where in similar circumstances a husband was permitted to be impleaded as third-party defendant. The holding was based upon the conception that the wife had a substantive cause of action against the husband, which the federal procedural law permitted enforcement of, since the statute prohibiting suit by a wife against a husband constituted state procedural law and was therefore not applicable in the federal proceeding. 31 F.Supp. 305-306. This reasoning is inapplicable to the present state court proceedings, where it cannot be argued that the state statute does not govern federal proceedings; aside from which, the Gray decision is against the weight of authority (Barron & Holtzoff, cited above, Section 426.4) and was subsequently disapproved by a higher appellate court with jurisdiction over the tribunal rendering it (Linkenhoger v. Owens, C.A. 5, 181 F.2d 97, 1950).
In concluding, it is also to be remembered that in Louisiana the right to enforce contribution does not by statute arise from the circumstance of concurrent negligence on the part of joint tortfeasors. It arises "When two or more debtors are liable in solido", LSA-C.C. Art. 2103. (Italics ours.) Joint tortfeasors not liable in solido, therefore, cannot enforce contribution from one another.
"There is an obligation in solido on the part of the debtors, when they are obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor", LSA-C.C. Art. 2091. In the instant case, the husband, because of his statutory immunity, is not obligated "to the same thing" (payment of the wife's damages) as is the other tortfeasor, nor can he be compelled to pay it. Thus, the husband-appellee is not liable in solido with the other tortfeasor involved in the present accident.
Therefore, aside from reasons of public policy, such latter tortfeasor (and his insurer, appellant herein, subrogated to the tortfeasor's rights) is not entitled to enforce contribution from the husband, since, as previously noted, under the terms of the statute creating the right, joint tortfeasors can enforce contribution from one another only if solidarily liable with one another.
For the foregoing reasons, we affirm, at the cost of the defendant-appellant (third-party plaintiff), the judgment of the trial court.
Affirmed.
HOOD, Judge (dissenting).
I respectfully disagree with that portion of the majority opinion which holds that the defendant, Bordelon's insurer, is not entitled to enforce contribution against *651 plaintiff's husband, Dovic Fontenot, who is shown to be a joint tort-feasor.
As pointed out by the majority, LSA-R.S. 9:291 (formerly Article 105 of the Code of Practice) creates an incapacity on the part of the wife to sue her husband for damages, or it establishes an immunity on the part of the husband from such a suit by his wife. This incapacity or immunity, however, is purely personal between the husband and wife and it cannot be urged as a defense by the husband's insurer. LSA-Civil Code Article 2098; Ruiz v. Clancy, 182 La. 935, 162 So. 734; Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191; Burke v. Massachusetts Bonding & Ins. Co., La.App. 1 Cir., 19 So.2d 647 (Affirmed, 209 La. 495, 24 So.2d 875); Scarborough v. St. Paul Mercury Indemnity Co., La.App. 1 Cir., 11 So.2d 52; Harvey v. New Amsterdam Casualty Co., La.App.Orl., 6 So.2d 774.
It is settled that where the wife sustains personal injuries as a result of her husband's negligence, the wife has a cause of action against her husband for the damages which she sustained, although as long as the marriage continues she does not have a right of action against him because of the husband's statutory immunity from such a suit by his wife. In such a case, therefore, the wife clearly possesses a substantive right to recover from her husband the damages which she has sustained because of his negligent acts, but she cannot maintain a suit against him because of the procedural bar created by LSA-R.S. 9:291. See Palmer v. Edwards, La.App. 1 Cir., 155 So. 483; Landrum v. United States Fidelity & Guaranty Company, La.App. 3 Cir., 151 So. 2d 701; Gremillion v. Caffey, La.App. 1 Cir., 71 So.2d 670; and 21 Tulane Law Review 596, 599, and cases above-cited.
In Edwards v. Royal Indemnity Co., supra, where the wife was injured by the concurrent negligence of her husband and another person, our Supreme Court held that the husband was a joint tort-feasor and that, as such, he was liable in solido with the other tort-feasor for the damages sustained by his wife, although the wife was barred from maintaining a suit against her husband because of his personal immunity from such a suit. In that connection the Supreme Court said:
"Let us assume another case. A wife is riding as a guest in her husband's automobile. She is injured in an intersectional collision with another car, due to the joint and concurrent negligence of her husband, who was driving the car in which she was riding, and the owner and driver of the other automobile. Under the law, she could not bring a suit for damages for personal injuries against her husband. Palmer v. Edwards, supra; Roberts v. Roberts, 185 N.C. 566, 118 S.E. 9, 29 A.L.R. 1482.
"If she sued the owner of the second automobile and his insurance carrier in solido, under Act No. 55 of 1930, the defendants could not plead the contributory negligence of her husband in bar to her claim for damages for personal injuries. Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 59 A.L.R. 148. Since the defendants would not have the right to plead the contributory negligence of the husband as a defense against the wife's claim for damages, it would seem to follow logically that the defendants could not urge the plea of coverture against her, simply because her husband was, under the law, a joint tort-feasor, and therefore liable in solido with them. Article 2098, R. C.C. Yet, the husband, as one of the tort-feasors and, as such, liable in solido, would have a good personal defense against his wife, in the event she sued him. Palmer v. Edwards, supra." (161 So. 193, Emphasis added).
In Addison v. Employers Mutual Liability Ins. Co. of Wisconsin, La.App. 1 Cir., 64 So.2d 484, the court said:
"There is no question of a doubt but that the husband, Addison, was the *652 original debtor, and unless there was a cause of action against Addison there could have been none against the insurer. * * *

* * * * * *
"`The insurer therefore, is merely called upon to pay an obligation of the assured. It has no independent liability. The assured is the real debtor. * * *

* * * * * *
"* * * She could, however, enforce her cause of action against her husband by bringing a suit against his insurer and recovering from it, any amount which her husband was obligated to pay to her, but for the defense of coverture which the insurer could not invoke. As the court said in the Ruiz case, the insurer is obligated to pay by reason of the liability imposed upon him (the husband) by law.'" (64 So.2d 486, 487. Emphasis added).
In Gray v. Hartford Accident & Indemnity Co., W.D.La., 31 F.Supp. 299 (1940), which involved facts and issues similar to those presented here, the United States District Court for the Western District of Louisiana concluded that the interspousal immunity did not prevent the insurer of one tort-feasor from enforcing contribution from plaintiff's husband whose negligence also was a proximate and contributing cause of the accident. The majority feels that this decision was subsequently disapproved by the Fifth Circuit Court of Appeal in the case of Linkenhoger v. Owens, Ct.App. 5 Cir., 181 F.2d 97 (1950). In the Linkenhoger case, however, no question of interspousal immunity was involved at all. As I interpret the decision rendered in that case, the court disagreed only with that portion of the Gray case which purported to hold that in 1940 a tort-feasor in Louisiana had a substantive right to enforce contribution against a joint tortfeasor, although the latter had not been judicially decreed to be solidarily liable for such damages. I agree that at that time, which was before the enactment of a statute providing for contribution, there did not exist in Louisiana a substantive right to enforce contribution between joint tort-feasors, except in cases where one of two joint tort-feasors had been compelled to pay damages awarded by judicial decree against both, in solido. Since that time, however, such a right has been specifically authorized by statute (See Act 30 of 1960, amending LSA-Civil Code Article 2103), so now a tort-feasor in Louisiana does have a substantive right to enforce contribution against a joint wrongdoer even though the latter had not been decreed to be solidarily liable for the damages. Since the law now specifically provides for this right of contribution between joint tort-feasors (a right which the court incorrectly found to exist in the Gray case), it seems to me that the holding in the Gray case is now particularly appropriate to the issues presented here.
In my opinion, the liability of a husband to his wife for the damages which she sustained as a result of his tortious acts is similar to the tort liability of an agency of the state. A person who is injured as a result of the negligence of employees or agents of the state has a cause of action against the state agency, that is, he has a substantive right to recover his damages from that agency, but because of a procedural bar or statutory immunity from suit he is barred from maintaining a suit against that agency until the immunity is removed. But, as in tort actions between husband and wife, the immunity is personal to the agency and it cannot be urged by the insurer of the agency or by anyone else. See Musmeci v. American Automobile Insurance Company, La.App. 4 Cir., 146 So. 2d 496 (Cert. denied); Lusk v. United States Fidelity & Guaranty Co., La.App. Orl., 199 So. 666; Brooks v. Bass, La.App. Orl., 184 So. 222; Messina v. Societe Francaise De Bienfaissance, etc., La.App.Orl., 170 So. 801; and Rome v. London & Lancashire Indemnity Co. of America, La.App. Orl., 169 So. 132.
*653 In such a case I think the governmental agency becomes "liable" to the injured person when the injury is sustained, and the agency thus is a "tort-feasor," even though there may exist a procedural bar to or immunity from suit. By analogy, I think the above-cited cases relating to the tort liability of governmental agencies are applicable to the issues presented in the instant suit.
The majority, after brushing aside the Gray case and apparently overlooking the other Louisiana cases above-cited, suggests and relies on the fact that the courts in a substantial number of other jurisdictions have refused to permit one tort-feasor to enforce contribution against the claimant's husband, whose negligence also was a joint or contributing cause of the accident and injury. In my opinion, however, the refusal of a court of another state to permit a tort-feasor to enforce contribution against the claimant's husband, under facts similar to those presented here, does not constitute even persuasive authority for the conclusions reached by the majority unless and until it also is shown that under the jurisprudence of that state, as in Louisiana, the wife has a cause of action to recover from her husband the damages which she may have sustained through his fault. In my research, which I concede has been very limited, I have failed to find a case in any of the states listed in the majority opinion where the courts recognized that the wife had a cause of action against the husband, as is recognized in Louisiana.
Since our jurisprudence is settled to the effect that the wife has a cause of action against her husband for the damages which she sustained through her husband's fault, it seems clear to me that the husband in such an instance is "liable" to her for those damages and he must be regarded as a "tort-feasor," even though the wife may be barred from maintaining a suit against him as long as the marriage continues. That is precisely the holding of our Supreme Court in Edwards v. Royal Indemnity Co., supra. LSA-Civil Code Article 2103, as amended in 1960, gives to one solidary obligor a substantive right to enforce contribution against his solidary co-debtor. In the instant suit the third party plaintiff has a substantive right to enforce contribution against the third party defendant Fontenot. Although Fontenot is immune to suit by his wife, that immunity is personal as between those parties alone. In this case there is no incapacity to sue, or immunity from suit, as between the third party plaintiff, Bordelon's insurer, and the third party defendant, Dovic Fontenot. It seems to me, therefore, that the third party plaintiff here does have the right to enforce contribution against Fontenot.
For these reasons, I respectfully dissent from that portion of the majority opinion which affirms the dismissal of the third party petition.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.