Mrs. Virginia KELLY, Curtis Melancon, Henry Melancon, Jr., Mrs. Ella Lovig, and Lynn Melancon, Appellants,

v.

HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellee.

No. 18455.

United States Court of Appeals Fifth Circuit.

Aug. 16, 1961.

Rehearing Denied Sept. 19, 1961.

Robert G. Hughes, Stanley E. Loeb, New Orleans, La., for appellee.

Before RIVES, CAMERON and JONES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment sustaining the defendant's motion to dismiss the plaintiff's action for the wrongful death of Mrs. Lillian Melancon Adams. The complaint alleged that on January 15, 1959, Mrs. Adams was a guest passenger in an automobile operated by her husband, Andrew P. Adams; that "the automobile was caused to be in collision with a truck, when the automobile went into the opposite and oncoming traffic lane"; that Mrs. Adams' husband "negligently failed to keep a proper lookout ahead, to maintain his automobile under proper control, to stay in his own traffic lane, and to otherwise operate the automobile in such a manner as to have avoided the collision"; and that "as a result of the collision Mrs. Lillian Melancon Adams sustained severe personal injuries which were fatal to her."

The plaintiffs are the brothers and sisters of Mrs. Adams. She is survived also by her husband, but not by any descendants or ascendants. The action is brought, pursuant to LSA–Revised Statutes of 1950, 22:655, directly against the liability insurer of Mrs. Adams' husband. The defendant moved to dismiss the action on the ground that the plaintiffs are without right to bring this action under the law of Louisiana. Attached to the motion to dismiss is an affidavit of one of defendant's attorneys to the effect that the husband, Andrew P. Adams, has filed suit against the defendant in a Louisiana State court for the wrongful death of his wife, asserting the identical cause of action being asserted by her brothers and sisters, except that damages are demanded on behalf of the husband.[1]

Raymond H. Kierr, New Orleans, La., Wollen J. Falgout, Thibodaux, La., for appellants.

1. We are informed by the appellants that the state trial court dismissed the husband's action against his insurer for his wife's death, basing its decision on the case of Addison v. Employers Mutual Liability Insurance Co. of Wisconsin, La. App.1953, 64 So.2d 484, discussed later in this opinion, and that an appeal has been taken from said dismissal.

The district court, without opinion, granted the defendant's motion and dismissed the action. This appeal from that decision turns upon the construction of the Louisiana wrongful death statute as it existed at the time of decedent's death,[2] in part as follows:

"*Art. 2315. Liability for acts causing damage; survival of action*

"Art. 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. However, should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and the minor children. The right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.

\* \* \* \* \* \*

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be." LSA–C.C. Art. 2315.

The appellants suggest that decision on appeal of the husband's action in the state court proceeding should be awaited. The present appeal was submitted on December 1, 1960, more than eight months ago, and we think that its decision should not be longer delayed, inasmuch as the majority of this Court agree with the district court that, irrespective of whether or not the husband is ultimately held to have a right to sue his insurer, the decedent's brothers and sisters are without right to bring this action under the law of Louisiana.

In Dowell, Inc. v. Jowers, 5 Cir., 1948, 166 F.2d 214, 219, 2 A.L.R.2d 442, this Court, with Judge Lee, a distinguished Louisiana lawyer and judge, as its organ, construed the Louisiana wrongful death statute as follows:

"A careful reading of the parts set forth above and of Louisiana case law on the subject shows that under the article two causes of action are given to the named beneficiaries, one the survived action, i. e., the action which the deceased had at the time of death; the other an action given by the Code to the named beneficiaries in their own right for the damages they suffer by reason of the death of their decedent. Eichorn v. New Orleans & C. R. Light & Power Co., 112 La. 236, 36 So. 335, 104 Am. St.Rep. 437; Reed v. Warren, 172 La. 1082, 136 So. 59; Voss, 'The Recovery of Damages for Wrongful Death,' etc., 1931, 6 Tulane L.R. 201 et seq."

The appellee questions whether that construction is really in accord with the decision of the Supreme Court of Louisiana in Reed v. Warren, 1931, 172 La. 1082, 136 So. 59. The construction asserted in Dowell, Inc. v. Jowers, supra, has not been authoritatively corrected by the Louisiana state courts, and the appellants insist that it is correct. See also 16 Tulane L.Rev. 409, 413, n. 190. We agree with the appellants to that extent, but we think that the brothers and sisters neither succeed to the decedent's claim for her own injury nor have any independent right to damages such as loss of affection, etc. suffered by reason of the death of their sister.

That the brothers and sisters do not succeed to the decedent's claim for her own injury would appear to be settled by

2. The statute was amended by Acts 1960, No. 30, § 1.

the decision in Addison v. Employers Mutual Liability Insurance Co. of Wisconsin, La.App.1953, 64 So.2d 484, 485. In that case, Mrs. Addison sued her husband's liability insurer for injuries allegedly resulting from her husband's negligence and, while her suit was pending, Mrs. Addison died. Her children who were all majors were made parties plaintiff in place of the deceased. Despite the fact that the husband was the alleged tort feasor, the appellate court held that "exception was properly taken" to the substitution of the children as parties plaintiff, and that the husband "succeeds to her claim and stands in her shoes." The husband was denied recovery because "the obligation was extinguished by confusion when plaintiff's wife died and he succeeded to her rights."

As to any independent right of the brothers and sisters to damages such as grief, loss of affection, etc. suffered by reason of the death of their sister, the general rule of construction has been thus stated:

> "But time and time again our courts have reiterated the definite principle that *the right* of action for damages for the death of a human being is in derogation of a common right and cannot be extended by implication to other surviving relations than those to whom it is expressly granted by statute."

Goodwin v. El Dorado Baking Co., La. App., 2d Cir., 1947, 31 So.2d 230, 232, 233.

In that case it was held that an insane daughter above the age of majority had no right of action for her mother's death where the decedent was also survived by her husband. The decision of that case was made easier by the plain language of the last sentence of the first paragraph of Article 2315, supra, which was quoted by the Court with emphasis: *"The right*

of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children."

Here the appellants argue that the earlier expression, "in default of any of the above persons," is more ambiguous, and should be construed to mean "in event of non-recovery" by the earlier ranking beneficiaries. To support that argument, the appellants rely not on the decisions, but on law review articles simply stating the opinions of the authors as to a rule or interpretation which would be "more just." 6 Tulane L.Rev. 201, 236; 16 Tulane L.Rev. 386, 412. The adoption of a "more just" State law is not a matter for the consideration of a federal court but is appropriately addressed to the State legislature.[3]

The rule of strict construction asserted in Goodwin v. El Dorado Baking Co., supra, by which we are bound under the Erie doctrine, forbids us so to extend the right of recovery under the statute. "In default of" is used synonymously with "where there is no" as that phrase appears in the last sentence of the first paragraph of Article 2315, supra, heretofore quoted. That use reinforces our view that the ordinary and natural meaning of the phrase "in default of" appears to be "in the absence of," and that it was so employed in Article 2315.

It seems clear to us that, Mrs. Adams having left a surviving husband, her brothers and sisters neither succeeded to her claim for her own injury, nor were granted any independent right of action for grief, loss of affection, or other damages suffered by reason of the death of their sister. The judgment is therefore

Affirmed.

CAMERON, Circuit Judge (dissenting).

I.

This action was disposed of by the court below upon a motion to dismiss.[1]

---

3. Indeed, some of the suggestions in the Law Review articles may have been adopted by the 1960 Amendment referred to in footnote 2, supra.

1. "On motion of defendant to dismiss, it is ordered that this motion be, and the same is hereby, granted, and case is dismissed."

The sole legally recognized ground upon which the motion to dismiss was based was that provided by Rule 12(b) (6), 28 U.S.C.A.: "Failure to state a claim upon which relief can be granted." This action was brought under the Louisiana Wrongful Death Statute,[II] the opening sentence of which is: "Every act whatever of man that causes damage to another obliges him by whose fault it happens to repair it * * *." The complaint alleged that the act which caused the death of Mrs. Lillian Melancon Adams happened by the fault of her husband Andrew P. Adams.[III] The complaint also alleged that appellants here are the only persons surviving having a legal right of action to assert the survival and wrongful death claim.[IV]

The action was brought against Hartford Accident & Indemnity Company, which, under the allegations of the complaint, "had in full force and effect a policy of insurance providing liability insurance coverage covering the automobile, its operator, the guests therein, and the parties and subject matter of this petition, and, as such, the said defendant insurance company is directly liable to petitioners pursuant to LSA–Revised Statutes of 1950, 22:655.v " The policy was not before the court below so that its terms were not considered by it in passing on the motion to dismiss.

Professor Moore states the function of such a motion to dismiss in these words: "The motion to dismiss under Rule 12(b) (6) performs substantially the same function as the old common law general demurrer * * * For the purpose of the motion, the well pleaded material allegations of the complaint are taken as admitted * * *"[VI]

It appearing, therefore, from the complaint that Mrs. Lillian Melancon Adams was killed by the fault of Andrew P. Adams, that the appellee had in effect a policy of insurance which under Louisiana law covered the fatal injuries and damages sued for, and that the claim for personal injuries and death of the decedent survived in favor of appellants and that these averments are admitted by the motion to dismiss, it seems clear to me that the court below committed plain error in granting said motion.

II. 9 LSA–Civil Code, art. 2315.

III. "On January 15, 1959, petitioners' decedent, Mrs. Lillian Melancon, late wife of Andrew P. Adams, was a guest passenger in the automobile operated by her said husband * * *

"At the said time and place the automobile was caused to be in collision with a truck, when the automobile went into the opposite and oncoming traffic lane; * * *

"The operator of the said automobile negligently failed to keep a proper lookout ahead, to maintain his automobile under proper control, to stay in his own traffic lane, and to otherwise operate the automobile in such a manner as to have avoided the collision.

"As a result of the collision Mrs. Lillian Melancon Adams sustained severe personal injuries which were fatal to her * * *"

IV. "Petitioners are the brothers and sisters of decedent; and she is not survived by any descendents or ascendents; * * *

"The decedent's claim for personal injuries and death survive in favor of petitioners, who, as her brothers and sisters, are the only persons having a legal right of action to assert the survival and wrongful death claim resulting from the negligence of decedent's husband;

"Petitioners itemize their claims for damage for the pain and suffering of decedent, the economic value of her life, and petitioners' loss of affection, companionship and assistance * * *"

V. Which reads in part as follows:
"It is also the intent of this section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insureds or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort feasor within the terms and limits of said policy."

VI. 2 Moore's Federal Practice, 2d Ed., p. 2244; Hydrocarbon Production Co., Inc. v. Valley Acres Water District et al., 5 Cir., 1953, 204 F.2d 212, 216; and Olan Mills, Inc. of Tennessee v. Enterprise Pub. Co. et al., 5 Cir., 1954, 210 F.2d 895, 897.

## II.

The inexorable result thus ensuing was sought by appellee to be avoided by the expedient of adding to the language of Rule 12(b) (6) F.R.Civ.P. above quoted the statement: " * * * in that the plaintiffs in this suit are without right to bring this action under the law of Louisiana." This averment of the motion to dismiss was supported by the affidavit of the attorney for appellee informing the court that he was representing appellee in a State Court suit brought by Andrew P. Adams demanding damages for the injury to and death of his wife.[VII] The effect of this affidavit is to make it appear that such a suit had been brought and that the attorney appearing in this action was defending that suit. It is difficult to perceive that the affidavit establishes *as a fact* what the attorney says were the contentions of the parties to that suit. The record contains no further information about the suit.

Nothing in the affidavit purports to challenge the allegations of the complaint that Mrs. Adams was killed by the fault of her husband and that the policy of the appellee was in effect and created the liability quoted from the Louisiana Statute, supra. At most, the affidavit can be interpreted only as a sort of lefthanded denial of the allegations of the complaint that the claim for Mrs. Adams' injury and death survived in favor of the appellants and that they were the only persons having a legal right of action to assert the survival and wrongful death claim. Assuming that the affidavit is sufficient to raise an issue as to this material fact, the action should have been handled as pending before the court below upon motion for summary judgment.[VIII]

Neither the appellee nor the court below handled the matter as one pending upon motion for summary judgment, and appellants were never called upon to proceed as provided by Rule 56. If they had been called upon to answer a motion for summary judgment, they would have had the benefit of taking depositions, calling for admissions, and utilizing the other procedures provided by Rule 56. If given the opportunity, they might have developed that they could discover a means by which this disjointed action might have been put back together. The parties are proceeding here under the dilemma of being faced with this action, which was removed to the court below by the appellee, and the State Court action brought in by the affidavits attached to appellee's motion to dismiss. Appellee chose to litigate half of the claim against it in a State Court of Louisiana and the other half in the Federal Court. It had the right to insist that all parties be made parties to one suit. Reed v. Warren, 1931, 172 La. 1082, 136 So. 59, 62.

At all events, the course taken by appellee has resulted in nothing more favorable to it than the raising of an issue of fact between the allegations of appellants' complaint that they are the sole

---

**VII.** " * * * that, on behalf of Hartford, Accident and Indemnity Company, appearer, in his capacity as attorney at law, is defending a suit pending in the Twenty-fourth Judicial Court for the Parish of Jefferson, entitled 'Andrew P. Adams v. Hartford Accident and Indemnity Company and State Farm Mutual Automobile Insurance Company,' being No. 54–138 of the docket of said Court; that said suit is brought by Andrew P. Adams, the husband of Lillian Stella Melancon, deceased, demanding damages as a result of the death of his wife caused by injuries sustained in an automobile accident occurring on January 15, 1959 in the vicinity of Mathews, Louisiana, and is the identical cause of action being asserted by the brothers and sisters of decedent Lillian Stella Melancon in this suit except that damages are demanded on behalf of the husband."

**VIII.** Rule 12(b) F.R.Civ.P.:
" * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

beneficiaries under the Louisiana Statute, and the assertion that a person, the attorney assumed to be the husband of the decedent, had instituted a suit in a Louisiana Court claiming that he, as the husband, was owner of part of the claim for her wrongful death. It seems clear to me that such an issue cannot be settled under a motion to dismiss, and if the court below had proceeded, as I think it should have, under Rule 56 F.R.Civ.P., it would have been faced with an issue of fact calling for a jury trial or, in any event, not susceptible of handling under summary judgment procedures.

### III.

Assuming, however, that the foregoing considerations are invalid and that there was presented to the court below only a question of law, based upon the assumption that the husband has survived and is asserting his action for his wrongful killing of his wife, I will proceed to a discussion of some of the Louisiana cases on the question of whether his mere survival will defeat the right of appellants to recover altogether. It is appellants' position that, since there is no one in existence in any class ahead of them except the husband, and since this action is based upon his negligence as the sole cause of her death—a matter not disputed in any way in this record—the claim for the wrongful injury to and death of Mrs. Adams succeeds to them under the Louisiana Lord Campbell's Act quoted in the majority opinion. Both

parties agree that there is no Louisiana case directly sustaining the contentions of either of them on the point; [IX] nor have I been able to find any Louisiana decision which seems directly controlling. The course of decision in Louisiana, under Article 2315 of the LSA–Civil Code, has certainly been attended by travail and is not free from what appears to me to be conflict and confusion.

Appellants take the position that the Louisiana statute states categorically: "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it." They contend that the residue of the statute concerns itself solely with a definition of rights as between the different classes of those who may enforce the cause of action thus unequivocally given.[X]

Forgetting for a moment the tortuous course of construction the statute has taken, it seems that the definition of the meaning of the crucial word "default" should be simple.[XI] From this definition it is clear that the word means fundamentally "to fail." It would follow logically that, if the members of class one failed to assert the right given them, those of the second class would be invested with the power to assert the right; and so on through the classes.

The courts of Louisiana certainly seemed, in the earlier cases, to give the word quite a different meaning and to interpret it as having the signification of "in the absence of a person of higher class."

IX. Appellants state in their brief, "There is no reported Louisiana case precisely in point;" and appellee comes back with the assertion that, "We have been unable to find a Louisiana case where the collateral relatives had the temerity to assert a cause of action which survived to the husband under the plain provisions of Article 2315 of the Louisiana Civil Code."

X. The parties agree that there are three classes of survivors: class one, minor children and spouse; class two, father and mother; and class three, blood brothers and sisters; and that appellants belong to class three, and that no children or parents survived the decedent.

XI. Webster's New World Dictionary of the American Language, College Edition, page 384, defines "default" thus: "1. failure to do something or be somewhere when required; * * * 2. failure to pay money due. 3. failure to appear in court to defend or prosecute a case. v.i. 1. to fail to do something or be somewhere when required. 2. to fail to make payment when due. 3. to fail to appear in court. 4. to fail to take part in or finish a contest. 5. to lose by default. v.t. 1. to fail to do or pay * * * 2. to fail to take part in or finish * * * 3. to lose * * * by default; forfeit."

The case of Kerner et al. v. Trans-Mississippi Terminal R. Co. et al., 1925, 158 La. 853, 104 So. 740, is one of the most cited cases. It held that, in that case, the surviving mother of an injured man alone acquired a right of action for damages as the result of his death; that she had the absolute right to dispose of the claim, and it added as dictum that, even if she had announced that she abandoned the right of action, or that she would allow it to prescribe, it would not have given a right of action to the surviving brother and sisters of the deceased.

But this decision has been criticised by law writers, as evidenced by an article in 6 Tulane Law Review by Voss saying, at page 236:

"It would be more just to interpret 'in default' to mean merely 'in event of non-recovery' by the first ranking beneficiary, so that a mere failure, for any reason, on the part of the first ranking beneficiary to exercise his right of action, would not bar the recovery of damages by the beneficiaries next in line under the provisions of Article 2315. This could not do violence to the legislative intent, since the fact that the more remote beneficiaries are specifically named in the Article is conclusive evidence that they were intended to be benefited when the immediate beneficiaries were not.[XII]

Listed under the 1960 Amendment of Article 2315 are thirty-six law review articles showing how the treatment of the statute by the courts has evoked discussion by law writers.

It is noteworthy that the annotator of the Louisiana Code states under the 1960 amendment [XIII] that such landmarks as Kerner, supra, and Chivers v. Roger, 1898, 50 La.Ann. 57, 23 So. 100, and the cases following those cases have been rejected by the 1960 amendment, and refers to a number of other changes liberalizing its application as among the several classes.

Appellants claim that the husband, undisputed possessor of the claim for his wife's death as a class one claimant under the statute, is under the disability of being the tort feasor whose negligence was the sole proximate cause of her death; and that the statutory right to recover therefor never vested in him, because the law destroyed it before it was born.

Appellee and the majority rely heavily upon the decision of the Court of Appeal of Louisiana, First Circuit, 1953, in Addison et al. v. Employers Mutual Liability Insurance Co. of Wisconsin, 64 So.2d 484, as coming close to the position asserted by appellee here. Cleo B. Addison had sued her husband's insurer because of negligent injuries inflicted on her by him. Before the exception of no cause of action filed by the insurance company could be acted upon, Mrs. Addison died, and her children, all majors, were made parties plaintiff in place of the deceased. When the insurance company complained of this, the husband filed a motion to be made plaintiff in place of Mrs. Addison on the ground that his wife's right of action accrued to him. To this position, the insurance company also excepted. The trial court sustained the exception of no cause of action, and the husband appealed to the Court of Appeal, which affirmed. Its opinion quoted approvingly from other Louisiana cases holding that the insurance company would not be liable in any case in which the insured himself would not have been liable. The court emphasized that Mrs. Addison did have a cause of action against the husband, but that she could not enforce it. It held,

---

XII. Appellants point out, too, that this article is given convincing force by the fact that it was cited with approval by Judge Lee, a Louisiana lawyer and judge of long experience, speaking for this Court in Dowell, Inc. v. Jowers et al., 5 Cir., 1948, 166 F.2d 214, 2 A.L.R. 2d 442, certiorari denied 334 U.S. 832, 68 S.Ct. 1346, 92 L.Ed. 1759. The entire article should be read if one is to acquire an insight into the varied constructions put upon this statute by Louisiana Courts.

XIII. LSA–Civil Code, Volume 9, 1960, Pocket Parts, pp. 5–6.

arguendo, that theoretically she could enforce her cause of action against her husband by bringing a suit against his insurer and recovering from it any amount which her husband was obligated to pay her but for the defense of coverture, which the insurer could not invoke.

The court concluded, however, that the husband, Mr. Addison, could not maintain the suit against his insurer, because he could not sue himself. This, the court thought, resulted from the provisions of Article 2217 of LSA–Civil Code, which provided that when the assured became not only the debtor but the creditor as well, no matter by what process he became the creditor, there arose a confusion of rights which extinguished the obligation. Its holding was, therefore, that the obligation existing initially in favor of Mrs. Addison had become extinguished by confusion when her husband, the tort feasor, succeeded to her rights.[XIV]

Appellants contend that the cases last discussed are overruled by the case of Dumas v. United States Fidelity & Guaranty Co., La.App., 3 Cir., 1960, 125 So.2d 12. John Dumas was injured December 15, 1960 while riding in a car driven by his wife, and he brought suit for damages against her liability insurer. The insurance company stipulated, when the case was called for trial, that Mrs. Dumas was guilty of actionable negligence. Before the trial was completed John Dumas died of natural causes. His widow, a major daughter by a former marriage, and the executor of his estate filed a joint motion asking that all three be substituted as parties plaintiff and be permitted to continue the prosecution of the suit. The trial judge ruled that the executor alone, and not the widow or daughter, was entitled to be substituted as a party plaintiff, and awarded the executor total damages of $12,996.99, including medical expense, loss of earnings and general damages.

The trial judge characterized his task as one of "resolving the perplexing legal problems" created by the "difficulty of reconciling the jurisprudence of our Supreme Court and our Courts of Appeal interpreting Code of Practice, Article 21, as amended, with reference to the abatement of actions, and LSA–C.C. Article 2315 concerning tort actions and the survival thereof."

In amending the judgment entered by the trial court the Court of Appeal used this language, which may be characterized as epitomizing its holding (125 So. 2d at page 19):

"* * * We further hold that the District Court was in error in denying the motion of the surviving widow, Mrs. Alice Peters Dumas, to be substituted as party plaintiff, and we conclude that she is the only proper party plaintiff in these proceedings. * * *

"This is the action of John Stanley Dumas to recover damages for suffering, disability, medical expenses and loss of earnings. The case stands or falls on his entitlement to damages and not on the entitlement of the substituted party plaintiff. * * *

"We, therefore, are of the opinion that although Mrs. Dumas was guilty of contributory negligence proximately causing the accident, she is not thereby barred from recovery as a substituted party plaintiff in these proceedings."

This decision, which seems to be the last one decided by a Louisiana appellate court, seems to repudiate much of the Addison decision, although it would seem to strengthen the claim of the husband here to be substituted to any claims his wife might have had against him—and the record fails to show whether she did have such claims or not—as distinguished from the claims of any beneficiaries under the statute.

**XIV.** And cf. Young v. McCullium et al., La.App. 1 Cir., 1954, 74 So.2d 339; and

Perot et al. v. United States Casualty Co. et al., La.App. 2 Cir., 1957, 98 So.2d 584.

Under the unsettled state of the Louisiana law on the subject and, as the parties admit, there being no precedent to guide us,[XV] I am not in favor of turning these appellants away when it appears clear that the husband never became vested with any right to sue for any damages accruing to himself, for his negligent killing of his wife, as a beneficiary under the wrongful death statute. I do not believe that justice or any holding of a Lousiana Court in recent years would give support to such a course.

The court below denied appellants' motion to postpone action in this case until the husband's suit in the Louisiana Court has concluded its journey through the appellate courts of Louisiana. It is entirely possible that, by the action and holdings of those courts, some light will be shed on the proper course we ought to pursue in this case. At all events, I think the case should be sent back to the district court that it may await the outcome of the case pending in the State Court, and then proceed more in consonance with the requirements of Federal rules, which, in my judgment, are those outlined above. I think justice requires no less, and I respectfully dissent from the affirmance of the judgment of the lower court.

On Petition for Rehearing

PER CURIAM.

■ Relying on the well-settled principle that federal jurisdiction cannot be conferred by consent and may be questioned at any time, the appellant on petition for rehearing insists for the first time that the action was not removable under 28 United States Code § 1441 and § 1332, because the matter in controversy did not exceed the sum or value of $10,000, exclusive of interest and costs. The complaint on behalf of the five brothers and sisters of Mrs. Adams alleged in Paragraph 1 that defendant "is justly and truly indebted unto petitioners in the full sum of $50,000.00, together with legal interest thereon from date of judicial demand until paid." The appellants rely upon the itemization of that amount in Paragraph 9. "Petitioners itemize their claims for damages for the pain and suffering of decedent, the economic value of her life, and petitioners' loss of affection, companionship and assistance at the sum of $10,000.00 to each of petitioners, totaling $50,000.00."

Professor Moore refers to the following as the classic statement of the rule:

"The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount."

Pinel v. Pinel, 1916, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817. See 1 Moore's Federal Practice, Paragraph 0.97 [3], p. 891.

This case comes within the latter class since the five plaintiffs seek to enforce a single right of action for the wrongful death of their sister. Art. 2315, LSA–Civil Code; Reed v. Warren, 1931, 172 La. 1082, 136 So. 59; Texas & Pacific Ry. Co. v. Gentry, 1896, 163 U.S. 353, 360, 361, 16 S.Ct. 1104, 41 L.Ed. 186. The petition for rehearing is therefore

Denied.

XV. Whether it is technically applicable or not, Article 21 of 1 LSA–Civil Code seems to suggest a course of action which might well be followed here:
"In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent."