Rilla Gail Guyton LEWIS,
Plaintiff-Appellant,

v.

ALLIS–CHALMERS CORPORATION,
d/b/a Allis-Chalmers Agricultural
Equipment Division, Defendant-Appel-
lee.

No. 79–3708
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 25, 1980.

Joseph A. Koury, Lafayette, La., for
plaintiff-appellant.

Jimmy L. Dauzat, Opelousas, La., for de-
fendant-appellee.

Before GEE, HENDERSON and
HATCHETT, Circuit Judges.

PER CURIAM:

This appeal from a summary judgment
for defendant presents the question wheth-
er a former wife, deprived of substantial
alimony by the claimed wrongful death of
her former husband, may sue for that loss
under the Louisiana version of Lord Camp-
bell's Act. That provision, art. 2315 of the
Louisiana Civil Code, provides for recovery,
in the case of wrongful death, by the fol-
lowing relatives of the deceased: (1) the

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

surviving spouse and child or children of the deceased, or either such spouse or child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child or parent surviving.

█ Long ago we recognized that under Louisiana law these categories of survivors could not be enlarged by construction. In *Kelly v. Hartford Accident & Indemnity Co.*, 294 F.2d 400, 403 (1961), we quoted from the holding of a state court:

> But time and time again our courts have reiterated the definite principle that *the right* of action for damages for the death of a human being is in derogation of a common right and cannot be extended by implication to other surviving relations than those to whom it is expressly granted by statute. *Goodwin v. El Dorado Baking Co.*, La.App., 2d Cir., 1947, 31 So.2d 230, 232, 233.

(emphasis in original). Neither Louisiana law on this subject nor our view of it has changed in any relevant manner since then. If departures in the construction or manner of construction of Louisiana statutes are to be made, they must be made by Louisiana courts,[1] not by us. Appellant, a former wife, is not a member of any of the quoted categories and may not recover under article 2315.

█ Appellant contends, in the alternative, that she should recover under article 21 of the Code, the so-called "equity" article. This commences: "In all civil matters, where there is no express law  .  .  .." Here there is express law granting the wrongful death cause and limiting that grant to particular classes of persons. Article 21 does not apply.

█ Finally, appellant contends that by failing to grant her a cause of action to recover her lost alimony, Louisiana has deprived her of her property without due process of law. Essentially, she seeks that we imply a cause of action for wrongful death damages under the due process clauses of the Louisiana and United States Constitutions. To sustain this contention, almost casually made, would be a huge interference in Louisiana's provisions for wrongful death recoveries. And, though, in view of *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), the claim is not without some color of plausibility, very different policies were there involved, and the matter of state sovereignty was not. Unless that opinion signals the advent of a general federal system of restorative justice founded directly on the due process clause wherever other remedies are unavailable, this contention is unavailing. We do not think *Passman* justifies such an assumption: it treats of matters of especial federal concern, this case of those traditionally the concerns of states. If such a giant step is to be taken, the Supreme Court (or the Louisiana Supreme Court, as to its Constitution) should be the one to take it. We decline to do so.

AFFIRMED.

---

1. As one did in *King v. Cancienne*, 316 So.2d 366 (La.1975), holding a putative spouse entitled to recover.