GUIDRY, Judge.
MOTION FOR PARTIAL DISMISSAL OF ANSWER TO APPEAL
The defendant-appellee, Kingsberry Homes, Inc., moves to partially dismiss the answer to the appeal of Marguerite Hage-man, plaintiff-appellee, insofar as it seeks reversal of the judgment in favor of Kings-berry.
Plaintiff, Marguerite Hageman, brought suit against Patricia H. Foreman-1980 Partnership d/b/a J.Y. Foreman Realty & Construction Company, the members of the partnership, and Kingsberry Homes for damages due to redhibitory defects in her townhouse. The townhouse was built by the partnership and allegedly manufactured by Kingsberry. The partnership and its partners filed a third party demand against Kingsberry based on indemnity. After a trial on the merits, the trial court found that the townhouse had several defects and ordered a reduction of the sale price in the amount of $8,900 in favor of the plaintiff against the partnership and its partners. The trial court also awarded plaintiff $2500 for mental anguish and attorney’s fees in the amount of $5,000. The trial court also found that Kingsberry Homes was not the manufacturer of the townhouse but merely the manufacturer of the parts used to construct the house. He determined that neither the parts nor the design were defective, and dismissed plaintiffs suit against Kingsberry. The trial court evidently denied the partnership’s third party demand also. From this judgment the partnership and partners appealed. Hageman and Kingsberry answered the appeal, although neither party appealed.
The partnership’s appeal seeks to have the judgment rendered against the partnership and their partners reversed. It also argues that the partnership is entitled to a judgment against Kingsberry for any damages associated with the water leakage. It is evidently seeking indemnity from Kings-berry based on the partnership’s third party demand. Hageman answered this appeal, seeking an increase in the award of damages and attorney’s fees. The answer also seeks that judgment be entered to find Kingsberry solidarity liable with the defendant-appellants. Kingsberry filed a motion for partial dismissal of this answer to the appellant’s appeal as to Hageman’s request for judgment against Kingsberry.
Kingsberry was found by the trial court not to be liable; plaintiff did not appeal that portion of the judgment. Plaintiff only answered the appeal taken by the partnership and their partners. Therefore, the judgment in favor of Kingsberry and against plaintiff is final and definitive. La. C.C.P. arts. 1841, 1842; and Vicknair v. Hibernia Building Corp., 479 So.2d 904 (La.1985). As the Supreme Court stated in Hibernia, supra:
“Under La.Code Civ.P. art. 2133, an appellee, by answering an appeal without filing an appeal on his own behalf, may seek relief from a portion of the judgment rendered against him in favor of appellant. The article does not, however, give an answer the effect of an appeal with respect to any portion of the judgment rendered against appellee in favor of a party not an appellant. Shelton v. Aetna Casualty & Surety Co., 334 So2d 406 (La.1976).”
Hence, although plaintiff argues for relief from the trial court’s dismissal of her claim against Kingsberry, this court is without authority to grant such relief. For these reasons, the appellee-Kingsberry’s motion for partial dismissal of Hageman’s answer to the appeal is granted. It is hereby ordered that plaintiffs answer to the appeal insofar as it seeks a judgment against Kingsberry Homes, Inc. is dismissed at appellee-Hageman’s cost.
MOTION GRANTED.