576 So.2d 1080 (1991)
Tammy Renee NUNEZ, Born Lavergne and Kim Nunez, Plaintiffs-Appellants,
v.
Orie P. CANIK, Individually and as the Administrator of the Estate of his Minor Son, Paul Canik, et al., Defendants-Appellees.
No. 89-988.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
Rehearing Denied April 22, 1991.
*1081 P. Michael Maneille, Lake Charles, for plaintiffs/appellants.
Jones, Jones & Alexander, Jennifer Bercier, Cameron, Stockwell, Sievert, Viccellio, Clements & Shaddock, John S. Bradford, Guillory & McCall, Robert E. Guillory, Raggio, Cappel, Chozen & Berniard, Lake Charles, for defendants/appellees.
Before FORET, LABORDE and KNOLL, JJ.
FORET, Judge.
The sole issue before this Court is whether or not Kim Nunez is entitled to maintain an action for loss of consortium for alleged physical injury to Tammy Renee Nunez, whom Kim married subsequent to the date of injury.

FACTS
Kim Nunez married Tammy Nunez subsequent to Tammy's being injured in an accident at her place of employment on January 28, 1986. Kim Nunez alleged in his petition that he suffered damages for loss of consortium due to his wife's injuries in that accident. The insurer of Tammy's employer, United States Fidelity & Guaranty Company (USF & G), filed motions for summary judgment in response to both Kim and Tammy Nunez's claims. Summary judgment was denied USF & G as to Tammy's claims. Summary judgment was granted as to Kim's claims on the basis that he was not entitled to maintain an action for loss of consortium since he was not married to Tammy, the injured plaintiff, at the time of the injury. Kim Nunez appeals this grant of summary judgment in favor of USF & G. We affirm.

DISCUSSION
This Court was recently confronted with this issue in Leckelt v. Eunice Superette, Inc., 555 So.2d 11 (La.App. 3 Cir.1989), writ denied, 559 So.2d 141 (La.1990). We adopt our earlier reasoning in extenso herein:
"LOSS OF CONSORTIUM
May a spouse who marries an injured tort victim after the date of his accident maintain a claim for loss of consortium under La.C.C. art. 2315? We conclude the trial court correctly resolved this res nova issue by granting the defendants' exception of no right of action.
Jackie Dietz and David Leckelt lived together for approximately fourteen years before Mr. Leckelt's accident of January 11, 1985. During this time, the couple raised four children. However, they did not marry until June of 1986, *1082 almost a year and a half after the accident.
By Acts 202 of 1982, the legislature amended art. 2315 to allow recovery for the loss of consortium, services and society of a tort victim who is injured, but who does not die. The second paragraph of that article now reads:
Damages may include loss of consortium, services and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
This amendment broadened the scope of art. 2315 and created a cause of action which had not previously existed. Coates v. Owens-Corning Fiberglas Corp., 444 So.2d 788 (La.App. 4th Cir. 1984). This new cause of action, however was created only in favor of those beneficiaries, now listed in art. 2315.2, who may bring a wrongful death action.1 Thus, in determining whether Mrs. Leckelt has a claim for loss of consortium under 2315, we must look to the jurisprudence interpreting the designated classes of beneficiaries in art. 2315.2.
It is well established that an action for wrongful death is purely statutory, existing in favor of certain classes of persons specifically designated; all who are not expressly included within the terms of the statute are held to be excluded. Gibbs v. Illinois Central Railroad Company, 169 La. 450, 125 So. 445 (1929). In the absence of some specific provision of law, the courts may not increase these beneficiaries. Chatman v. Martin, 245 So.2d 423 (La.App. 2nd Cir.1971).
Under the jurisprudence in this state, only a lawful spouse may maintain a wrongful death action. Gibbs, supra; Lewis v. Allis-Chalmers Corp., 615 F.2d 1129 (5th Cir.1980). Because Louisiana does not recognize the validity of so-called "common law" marriages, a party living in such a relationship may not maintain a wrongful death claim. Tidewater Marine Towing, Inc. v. Curran-Houston, Inc., 785 F.2d 1317 (5th Cir. 1986).
Paragraph two of article 2315 incorporates by reference the beneficiaries listed under 2315.2. Accordingly, we must conclude the principles quoted above are applicable to a loss of consortium claim under 2315. Because Mrs. Leckelt was not a member of any designated class of beneficiaries on the day of the accident, the trial court properly denied her claim. To hold otherwise would be an unwarranted extention of statutory rights which have heretofore been strictly construed.
Finally, even if Mrs. Leckelt did have a right of action under 2315, we fail to see how she could prove any damages. Because she did not marry David Leckelt until after his damages were sustained, this accident could have no effect on an existing marital relationship. An award for loss of consortium is only proper where there has been some measurable or compensable loss. Johnmeyer v. Creel, 499 So.2d 571 (La.App. 2nd Cir. 1986). Such claims have been denied where there was no proof that the marital relationship was adversely affected. Vidrine v. Government Employees Insurance Company, 528 So.2d 765 (La. App. 3rd Cir.1988), writ denied, 532 So.2d 156 (La.1988) and Scott v. Coastal Dragline Works, 525 So.2d 695 (La.App. 1st Cir.1988).
1. Art. 2315.2 provides in pertinent part:
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child or parent surviving."
Id., at pg. 12, 13.
Thus, we affirm the trial court's grant of summary judgment in favor of USF & G.
USF & G answered the appeal, praying that the judgment be modified to state additional reasons for the granting of summary judgment in its favor as to the claims *1083 of Kim Nunez. The reasons for judgment contained in the record reflect only one basis for the trial court's ruling that Kim was not entitled to maintain an action for loss of consortium, that being that Kim was not married to the injured plaintiff, Tammy, on the date of the accident.
Only a party aggrieved by a trial court judgment has the right to an appeal. See State, Dept. of Transp. & Dev. v. Estate of Summers, 527 So.2d 1099 (La.App. 1 Cir.1988). This general rule does not apply where the successful party has a justifiable interest in appealing, such as where the judgment contains adverse implications or where a finding of fact or law placed in the judgment itself is shown to be prejudicial to the appellant's interest. Conversely, a party appealing a judgment in his favor does not have the right to appeal simply in order to have the judgment based upon a different ground. See Simpson v. Kimbell Milling Company, 164 So.2d 637 (La.App. 3 Cir.1964), writ refused, 167 So.2d 665 (La.1964). USF & G does not contend that the trial court judgment, as rendered, would result in injustice or prejudice. Therefore, USF & G's request, in its answer to the appeal, that the judgment rendered be modified to state additional reasons is denied.
Additionally, the answer of USF & G to the appeal by Kim Nunez seeks modification of the judgment appealed from insofar as it did not grant USF & G the relief requested in its motion for summary judgment against the non-appealing plaintiff, Tammy Nunez. We note that USF & G has neither filed an appeal nor applied for writs as to the denial of summary judgment in favor of Tammy Nunez.
An answer to an appeal by USF & G as to the summary judgment in its favor against Kim Nunez does not permit review of the denial of summary judgment in favor of Tammy Nunez, who did not appeal. As stated recently by the Louisiana Supreme Court in Francois v. Ybarzabal, 483 So.2d 602, 606 (La.1986):
"`... under LSA-C.C.P. art. 2133 an answer to an appeal is in the character of a cross appeal in which the appellee takes advantage of an appeal entered and perfected by an appellant, in the hope of procuring an alteration or amendment of the judgment rendered in a manner beneficial to the appellee.
'An answer to an appeal does not have the effect of an appeal with respect to any portion of the judgment rendered in favor of a party not an appellant.

.... [Francois v. Ybarzabal,] 469 So.2d at [1001,] 1004-1005, Footnote 2.'" [(La.App. 5 Cir.1985)]
Insofar as there has been no appeal filed by Tammy Nunez or USF & G as to the denial of summary judgment in favor of Tammy Nunez, we are unable to grant USF & G any relief as to a non-appealing party. See also Hageman v. Foreman, 525 So.2d 73 (La.App. 3 Cir.1988).

CONCLUSION
Based upon the foregoing, the judgment of the trial court granting summary judgment in favor of USF & G is affirmed. Costs are cast equally between Kim Nunez and United States Fidelity & Guaranty Company.
AFFIRMED.