JiMARVIN, Chief Justice.
The spouse who married her husband about eight months after his catastrophic injuries appeals a judgment sustaining exceptions of no right of action and dismissing her demands for loss of consortium.
Relying on Aldredge v. Whitney, 591 So.2d 1201 (La.App.2d Cir.1991), the wife contends the trial court abused its discretion by not deferring a ruling on the exceptions until trial on the merits under CCP Art. 929 because she may yet have a viable loss of consortium claim if her husband develops new or different injuries or symptoms which he did not have at the time of the mamage that adversely affect the marital relationship. Whether new injuries have arisen or may arise after the marriage requires a factual inquiry into what a reasonable spouse knew *679 or should have known about the injured spouse’s condition when she married him. No evidence was introduced on the hearing of the exceptions of no right of action as allowed by CCP Art. 931.
On this record, we affirm the judgment.[1]
bDISCUSSION
While working for Richardson’s Plumbing, on September 23, 1991, renovating the Sunset Village Shopping Center in Shreveport, David Brian Herndon sustained severe electrical shocks and serious injuries to his arms, hands, legs and head. Ascending a ladder to the roof of a building, Herndon was carrying a 20-foot copper pipe which struck a SWEP-CO high voltage electrical transmission line. Among the injuries Herndon suffered immediately after the accident, according to the allegations of the original petition, were “the amputation of both hands about the forearm area, ... the partial removal of a section of the skull, severe injury to both legs, severe pain, discomfort and mental anguish.” Our emphasis. The petition further alleged that Herndon “will continue to suffer [from his injuries, mental and physical] together with various medical expenses, ... past, present and future.” Our emphasis.
When plaintiffs were married eight months after the accident, Mrs. Herndon was obviously aware of the severity of her husband’s injuries and of his need for long-term medical care, therapy and rehabilitation for either or both the physical and mental aspects of the catastrophic electrical shock injuries he suffered. A metal plate was implanted in his head. He underwent counseling and numerous skin graft surgeries for his burn injuries before the marriage, and is apparently yet receiving such treatment.
After marrying in May the Herndons filed this action in July 1992 against SWEPCO and other entities who were engaged in the shopping center renovations in 1991. The defendants answered the petition and filed ^exceptions of no right of action with respect to Mrs. Herndon’s loss of consortium claim, arguing that she could not “marry into” the cause of action for loss of consortium, which the legislature has granted only to spouses and other specified relatives, such as children, parents or siblings. See CC Arts. 2315 and 2315.2; Aldredge, supra; Leckelt v. Etm-ice Superette, Inc., 555 So.2d 11 (La.App. 3d Cir.1989), writ denied; and Nunez v. Canik, 576 So.2d 1080 (La.App. 3d Cir.1991).
Mrs. Herndon agrees with that general rule of law. She opposes the exceptions solely on the basis of Aldredge, supra. There, the husband’s consortium claim arising from the wife’s pre-marriage car accident withstood an exception of no right of action because the wife, whose doctor initially diagnosed her injuries as “minor,” had had no symptoms of a lumbar disc injury when she was married in June 1989, five months after the January 1989 accident. She settled her claims with the adverse party and liability insurer for $500 before she married. In October 1989 she began having severe lower back pain from a lumbar disc protrusion, allegedly from a disc injury caused by the accident. Under these “unique circumstances,” and because the disc injury first manifested itself during the marriage, the husband’s right to seek recovery for his loss of consortium was recognized. 591 So.2d at 1205.
Mrs. Herndon admitted in the trial court that she had no right of action for loss of consortium relating to her husband’s injuries *680 which manifested themselves befare the marriage, such as the loss of his hands.
In a memorandum in opposition to the exceptions, plaintiffs noted that when they were married, Herndon “had use of both legs, was coherent, was Uof sound mind and mental health [but] ... the doctors have not yet been totally convinced that one or both legs will not need amputation.... [T]he nature of these injuries and the continuing medical treatment that [Herndon] must undergo [may] eventually take its toll and he [may] suffer mental depression or breakdown.” These contentions were presented only in the form of argument, notwithstanding the provisions of CCP Art. 931. Plaintiffs have not argued, here or below, that Mrs. Herndon was unaware of these possibilities at the time of the marriage.
Herndon’s injuries and the possibility of the additional complications plaintiffs mentioned, were known or should have been known to both him and his bride when they married.
CCP ART. 929
When, as here, the defendants file a peremptory exception with or after their answer to the petition, and before trial, the exception “shall be tried and disposed of either in advance of or on the trial of the case.” CCP Art. 929. The timing of the trial court’s ruling on the peremptory exception is subject to the “abuse of discretion” standard of review. See and compare Babi-neaux v. Pemie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972) and Knighten v. Knighten, 447 So.2d 534 (La.App.2d Cir. 1984), writ denied.
On this record, we cannot say that the trial court abused its discretion in ruling on the exceptions before trial instead of deferring its ruling to await the possibility of evidence of new, different and unforeseen injuries, symptoms or conditions that become manifest after the marriage.
15Unlike the couple in Aldredge, plaintiffs have not shown it was reasonable for them to believe or conclude that Herndon had fully recovered from the known and apparent initial injuries before the marriage and that he has experienced a new, different and unforeseen, and indeed a more serious injury after the marriage. The facts here are more akin to those in Leckelt and Nunez, both cited supra, in which the general rule was applied to disallow a spouse’s consortium claim for injuries sustained by the other spouse before the marriage.
DECREE
At plaintiffs’ cost, the judgment is AFFIRMED.

. The exceptions of no right of action were filed by Monitored Investments, Inc. and by the Sealy-Dickson group of defendants, through separate counsel. Defendant SWEPCO did not file an exception to Mrs. Herndon’s consortium claim, and was not named as one of the exceptors in the preface to the trial court judgment, which decrees "that the demands of Sherry Benson Hern-don be and they are hereby dismissed.” SWEP-CO has, however, filed a brief in this court as an appellee, without objection by the plaintiffs.
The exception of no right of action may be noticed by the trial or appellate court on its own motion. CCP Art. 927. The reasoning that supports dismissal of the consortium claim against the defendants who filed exceptions of no right of action is equally applicable to Mrs. Herndon’s claim against SWEPCO. For the sake of clarity, we append this footnote to recognize that the dismissal of the consortium claim is effective against all defendants, including SWEPCO.